KENT COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. KC-2020-0344

| | |
|---|---|
| Ann Maccarone § | Location: **Kent County Superior Court** |
| v. § | Filed on: **04/10/2020** |
| Siemens Industry, Inc., § | US District Court Case **1:20-cv-00259** |
| § | Number: |
| § | |

---

### CASE INFORMATION

**Statistical Closures**
06/17/2020    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Civil Rights/Job Discrimination**

Case Status: **06/17/2020    Closed**

Case Flags: **Claim for Jury Trial**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | KC-2020-0344 |
| Court | Kent County Superior Court |
| Date Assigned | 04/10/2020 |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | Maccarone, Ann Marie | **DEYOE, SONJA L.** *Retained* 4018645877 x000(W) |
| **Defendant** | Siemens Industry, Inc., | **DORAN, JOHN D** *Retained* 4018242112 x000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 06/17/2020 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 06/17/2020 | Case Removed to US District Court |
| 06/15/2020 | Notice of Removal *Notice of Filing of Notice of Removal* |
| 06/08/2020 | Summons Returned Served *ROS 05.26.2020* |
| 04/13/2020 | Summons |
| 04/10/2020 | Complaint Filed *Complaint and jury demand* |

*Printed on 06/18/2020 at 8:38 AM*



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Ann Maccarone vs. Siemens Industry, Inc.

Federal Court Case No. 1:20-cv-00259    State Court Case No. KC-2020-0344

**Record Information**

Confidential:        Yes ☐    No ☑    Description: _____

Sealed documents:    Yes ☐    No ☑    Description: _____

**Certification**

I, Nancy Striuli , Clerk of the Rhode Island Superior Court for the County of

Kent do certify that the attached documents are all the documents

included in the record in the above referenced case.

Date: Jun/17/2020

Clerk:

/s/ Nancy Striuli

Prepared by:

/s/ Lindsay Zuercher

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANN MARIE MACCARONE, | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | )     Civil Action No. _____ |
| SIEMENS INDUSTRY, INC., | ) |
| DEFENDANT. | ) |
| | ) |
| | ) |

### NOTICE OF REMOVAL

Defendant Siemens Industry, Inc. ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1441 and 1446 and hereby removes this action from the Superior Court of the State of Rhode Island, Kent County (the "Superior Court Action") to the United States District Court for the District of Rhode Island. As its reasons for removal, Defendant states:

### BACKGROUND

1. By service of a summons and complaint, Plaintiff Ann Marie Maccarone ("Plaintiff") commenced a civil action against Defendant in Kent County Superior Court titled <u>Ann Marie Maccarone v. Siemens Industry, Inc.</u>, C.A. No. KC-2020-0344. A true and correct copy of the summons, complaint, and associated documents is attached as <u>Exhibit A</u> and constitutes all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

2.      Defendant was served with the summons and complaint on May 26, 2020.  The instant Notice of Removal is being filed within 30 days of the date on which Defendant was served with the summons and complaint in the Superior Court Action.  28 U.S.C. § 1446(b).

3.      Attached as <u>Exhibit B</u> is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Kent County Superior Court.  28 U.S.C. § 1446(d).

## FEDERAL QUESTION JURISDICTION

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint states a federal cause of action against the Defendant under the "Fair Labor Standards Act of 1938," 29 U.S.C. § 216(b), <u>see</u> Compl., at p. 16 (Count I) (the "Federal Claim").  Thus, this case is a civil action over which this Court has original "federal question" jurisdiction under 28 U.S.C. § 1331, in that the action arises under the Constitution, laws, or treaties of the United States.

5.      The Court has supplemental jurisdiction over Plaintiff's claims asserted pursuant to the Rhode Island Minimum Wage Act, §§ 28-12-1 <u>et seq.</u> and the Rhode Island Payment of Wages Act, R.I. Gen. Laws §§ 28-14-1 <u>et seq.</u>; R.I. Gen. Laws § 37-13-17; the Rhode Island Civil Rights Act, R.I. Gen. Laws § 41-112-1; and the Rhode Island Whistleblowers' Protection Act, R.I. Gen. Laws § 28-50-1 (collectively "State Law Claims").  Plaintiff's Federal Claim and State Law Claims arise from the same case or controversy because they emanate from Plaintiff's allegations that her employer failed to pay all of her earned wages.  Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims.  28 U.S.C. § 1367(a).

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

## REMOVAL TO THIS DISTRICT IS PROPER

6.      This Notice of Removal is being filed in the District of Rhode Island, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

WHEREFORE, Defendant respectfully requests that this Action be removed to the United States District Court for the District of Rhode Island.

Respectfully submitted,

SIEMENS INDUSTRY, INC.,

By its attorneys

/s/ John D. Doran
_____
John D. Doran (#6415)
Matthew D. Strauss (#10072)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
(401) 824-2500
(401) 454.2969
jdoran@littler.com
Dated: June 15, 2020          mstrauss@littler.com

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA Document 4 Filed 06/16/22/20 Page 46 of 68 PageID #: 49

## CERTIFICATE OF SERVICE

I, John D. Doran, hereby certify that a true and accurate copy of the foregoing document was filed and served electronically by operation of the Court's CM/ECF System upon the following counsel of record on this 15th day of June, 2020:

Sonja L. Deyoe, Esq.
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908

/s/ John D. Doran
John D. Doran

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA   Document 4   Filed 06/22/20   Page 7 of 68 PageID #: 50

# EXHIBIT A

Case 1:20-cv-00259-JJM-LDA   Document 4   Filed 06/22/20   Page 8 of 68 PageID #: 51

CT Corporation

**Service of Process Transmittal**
05/26/2020
CT Log Number 537705455

| | |
|---|---|
| **TO:** | Stephanie Mitchell<br>Siemens Energy & Automation, Inc.<br>800 North Point Parkway, Suite 450<br>Alpharetta, GA 30005-4499 |
| **RE:** | **Process Served in Rhode Island** |
| **FOR:** | Siemens Industry, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANN MARIE MACCARONE, PLTF. vs. SIEMENS INDUSTRY, INC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # KC20200344 |
| **NATURE OF ACTION:** | Workers' Compensation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/26/2020 at 13:49 |
| **JURISDICTION SERVED :** | Rhode Island |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/26/2020, Expected Purge Date: 05/31/2020<br><br>Image SOP<br><br>Email Notification,  Stephanie Mitchell  stephanie.mitchell@siemens.com<br><br>Email Notification,  SERVICE OF PROCESS LEGAL DEPARTMENT  serviceofprocess.legaldepartment.us@siemens.com<br><br>Email Notification,  Skip Lockard  skip.lockard@siemens.com<br><br>Email Notification,  Doreen Poole  doreen.poole@siemens.com<br><br>Email Notification,  Shawn Dorvit  shawn.dorvit@siemens.com<br><br>Email Notification,  Craig Langley  langley.craig@siemens.com<br><br>Email Notification,  Lisa Greene  Lisa.greene@siemens.com<br><br>Email Notification,  Richard O'Connor  richard.oconnor@siemens.com<br><br>Email Notification,  Nicholas Bruno  nicholas.bruno@siemens.com |

Page 1 of  2 / NK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

**CT Corporation**

**Service of Process Transmittal**
05/26/2020
CT Log Number 537705455

**TO:** Stephanie Mitchell
Siemens Energy & Automation, Inc.
800 North Point Parkway, Suite 450
Alpharetta, GA 30005-4499

**RE:** Process Served in Rhode Island

**FOR:** Siemens Industry, Inc.  (Domestic State: DE)

Email Notification,  Scott Slater  Scott.slater@siemens.com

Email Notification,  Barbara Kotick  barbara.kotick@siemens.com

Email Notification,  SHANE KAWKA  shane.kawka@siemens.com

Email Notification,  Tamika Lynch  tamika.lynch@siemens.com

**SIGNED:** C T Corporation System
**ADDRESS:** 155 Federal St Ste 700
Boston, MA 02110-1727

**For Questions:** 800-448-5350
MajorAccountTeam1@wolterskluwer.com

Page 2 of  2 / NK

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2020-0344 |
| **Plaintiff**<br>Ann Maccarone<br>v.<br>Siemens Industry, Inc.,<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Sonja L. Deyoe |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAW OFFICES OF SONJA L DEYOE<br>395 SMITH STREET<br>PROVIDENCE RI 02908 |
| **Noel Judicial Complex**<br>Kent County<br>222 Quaker Lane<br>Warwick RI 02886<br>(401) 822-6900 | **Address of the Defendant**<br>100 Technology Drive<br>Alphraretta GA 30005 |

TO THE DEFENDANT, Siemens Industry, Inc.,:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 4/13/2020. | /s/ Nancy Striuli<br>Clerk |

Witness the seal/watermark of the Superior Court

Date_____

SC-CMS-1 (revised July 2014)



## STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>**Ann Maccarone**<br>v.<br>**Siemens Industry, Inc.,**<br>**Defendant** | **Civil Action File Number**<br>**KC-2020-0344** |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Siemens Industry, Inc.,, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ **By delivering said papers to an officer or a managing or general agent.**
Name of person and designation _____

☐ **By leaving said papers at the office of the corporation with a person employed therein.**
Name of person and designation _____

☐ **By delivering said papers to an agent authorized by appointment or by law to receive service of process.**
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

_____

☐ **I was unable to make service after the following reasonable attempts:** _____

_____

| SERVICE DATE: | SERVICE FEE $ _____ |
|---|---|
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

_____

**SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.**

Signature _____

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

**Page 2 of 2**

SC-CMS-1 (revised July 2014)

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.



**SC-CMS-1 (revised July 2014)**

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2559806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA   Document 1-4   Filed 06/22/20   Page 14 of 68 PageID #: 57

STATE OF RHODE ISLAND                                    SUPERIOR COURT
KENT, S.C.

ANN MARIE MACCARONE
          Plaintiff,

v.                                                       PC2020-

SIEMENS INDUSTRY, INC
          Defendant.

## COMPLAINT

Plaintiff hereby commences this action against Defendant and alleges claims under 29 U.S.C. §

216(b), R.I.G.L. § 37-13-17, R.I.G.L. § 28-14-19.2(a), and R.I.G.L. § 42-112-2 and R.I.G.L. § 28-50-1.

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. § 1331, this Honorable Court has original jurisdiction of this civil action

to adjudicate Defendant's violations of the Fair labor Standards Act, 29 U.S.C. §§ 206(a) and 207(a).

2.      Pursuant to 28 U.S.C. § 1332, this Honorable Court has original jurisdiction of this civil action

because the base amount in controversy exceeds the sum or value of $75,000.

3.      Plaintiff Anne Marie Maccarone is at all times, is a citizen of Rhode Island living in the

county of Kent, town of Warwick.

4.      Defendant, Siemens Industry, Inc., ("SI"), is a Delaware corporation that maintains its

principal place of business in Alpharetta, Georgia.

## COMMON FACTUAL ALLEGATIONS

5.      PLAINTIFF ANN MARIE MACCARONE ("Plaintiff"), is a woman electrician.

6.      From May 9, 2016 through May 17, 2018 Defendant SI employed Plaintiff on Defendant's

Rhode Island Public Works contracts and subcontracts as a non-exempt hourly-paid IBEW Local 99

union electrician performing only non-exempt "blue collar" repetitive manual electrical trade work in

Rhode Island.

7.      Plaintiff herein litigates against Defendant SI her statutory private rights of action established by 29 U.S.C. § 216(b), R.I.G.L. § 37-13-17, R.I.G.L. § 28-14-19.2(a) and R.I.G.L. § 42-112-2.

8.      Defendant SI has operated in this state as a Rhode Island Public Works contractor and subcontractor subject to the prevailing wage and other statutes cited herein from May 9, 2016 through May 17, 2018.

9.      Defendant SI discriminatorily refused to pay Plaintiff a very high percentage of the prevailing wages and prevailing wage employee benefit plan hourly contributions that Siemens knew Plaintiff had earned while working on Defendant's Rhode Island Public Works contracts and subcontracts because she was a woman, were as it paid male employees the full amount of the prevailing wage obligations it owed them.

10.     Throughout its employment of Plaintiff, Defendant Siemens Industry, Inc controlled all of Plaintiff's hours worked and controlled all other terms and conditions of Plaintiff's employment as her "employer".

11.     Defendant's Managers, by virtue of the authority Defendant SI provided them as Plaintiff's supervisor and immediate superior, operated as the statutory "agent" of Siemens  Industry, Inc., acting as Plaintiff's  "employer" within the meaning of 29      U.S.C. § 203(d), R.I.G.L. § 28-12-2(7) and R.I.G.L. § 28-14-1(3),

12.     Defendant SI and the Defendant's managers are each a "person" within the meaning of 29 U.S.C. §§ 203(a) and 215(a)(1).

13.     At all times relevant, Defendant SI maintained substantial contracting operations within Rhode Island from numerous Rhode Island Public Body-payors both as a Public Works "prime" contractors (in privity with the awarding Public Body) and Public Works "subcontractors" (in privity with the "prime" Public Works contractor awarded the Public Works "prime" contract) which renders Defendant SI:

2

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

A. A Rhode Island Public Works "contractor" and "subcontractor" within the meaning of R.I.G.L. §§ 37-13-1 et seq, and

B. A "corporation" within the meaning of R.I.G.L. § 37-13-14.1(b), (d), (e) and (h).

14. At all times relevant, Siemens was an employer covered by and subject to the provisions of RICRA prohibiting sex and gender discrimination against Plaintiff.

15. At all times relevant Defendant was "an enterprise engaged in and affecting interstate commerce" within the meaning of 29 U.S.C. §§ 203(s), 206(a) and 207(a) with annual gross sales far exceeding $500,000.

16. Throughout Defendant's employment of Plaintiff, working on Defendant's numerous Public Works contracts and Public Works subcontracts, Plaintiff was engaged in "commerce" within the meaning of 29 U.S.C. §§ 203(b), (i) and (j), 206(a), 207(a) and 215(b) of the FLSA because every day Plaintiff extensively and regularly "handled" "goods" including LED lighting components, fuse panels, and other devises which were transported in interstate commerce.

17. Throughout Plaintiff's employment all hours worked were spent performing activities for which Defendant hired and employed Plaintiff.

18. Plaintiff's primary duty of performing electrical trade work for Defendant necessarily required that Plaintiff perform the following:

a. Daily physical truck inspection,

b. Performance of Plaintiff's of daily electrical work assignments which required her to drive Defendant's aerial work-truck each day it to each new outage or other assignments.

c. Perform all tasks necessary to inventory, obtain and stock all of the lighting and electrical system parts, supplies, tools and other equipment that Plaintiff needed for ready for her job.

3

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555905
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA   Document 1-4   Filed 06/22/20   Page 17 of 68 PageID #: 60

     d.     Scheduling mandatory monthly maintenance of her leased aerial lift work-truck per Defendant's orders on a scheduled day off.

19.     Throughout her employment, Defendant had both actual and constructive knowledge of all of Plaintiff hours worked for it and controlled and directed she work those hours using GPS to monitor her work cite locations.

20.     During Siemens employment of Plaintiff from May 9, 2016 through May 17, 2018, Plaintiff was supervised or managed by her Managers who each worked in Defendant's Billerica Office.

21.     These managers were in charge of a relatively small pool of 10 -15 Massachusetts and Rhode Island electricians all working on Davis-Bacon or State prevailing wage contracts and charged in part or full, with Defendant's human resource workers, with ensuring proper payment for hours worked by these workers.

22.     On the first day of her employment, Plaintiff specifically asked her Foreman to specify the hourly rate Defendant was paying her and to clarify when she would be paid time and one-half premium pay and when she would be paid time double-time premium pay.

23.     Plaintiff was told her hourly rate was $27.62, that Defendant would pay Plaintiff time and one half overtime pay for the first two hours worked in excess of 8 hours on a week day, time and one half overtime for the first eight hours on Saturdays, and double-time for hours worked in excess of 10 per day and for hours worked in excess of eight on Saturdays.

24.     On the second day Defendant employed Plaintiff, Plaintiff received new hire orientation and instruction from one of Plaintiff's Defendant's managers, Mr. McElroy.  Plaintiff asked Mr. McElroy about the rules governing payment to her and Mr. McElroy provided her essentially the same explanation her Foreman had provided her, adding that if any question arose, then the contract would need to be reviewed to determine which standard applied.

25.     Plaintiff was told she would be paid under the contract by Defendant.

4

26.     The Rhode Island Department of Labor and Training adopted the United States Department of Labor Davis-Bacon prevailing wage "Wage Rate Determination" in R.I.G.L. § 37-13-8 which defines the regular straight time base hourly rate of pay of electricians and the prevailing wage benefit plan hourly contribution rate for electricians and which obligated Defendant to pay Plaintiff in full once a week for all of her straight time, time and a half and double time hours worked during the preceding workweek using the prevailing wage base rate to properly compute and pay all hours worked.

27.     Defendant utilized Plaintiff solely as an electrician on Defendant's Rhode Island Public Works contracts and subcontracts, every single itemized weekly payroll earnings statement (e-pay stub) that Defendant provided to Plaintiff used only one of the following six (6) Davis-Bacon prevailing wage payroll designations for each hour is paid her:

      A.     "D. Bacon" to designate all of Defendant's payments for Plaintiff's prevailing wage straight time hours,

      B.     "R-D. Bacon" to designate all of Defendant's for Plaintiff's prevailing wage straight time hours worked that Defendant,

      C.     "D. Bacon OT" to designate "D. Bacon" to designate all of Plaintiff's prevailing wage overtime hours,

      D.     "R-D. Bacon OT" to designate all of Plaintiff's prevailing overtime hours worked,

      E.     "D. Bacon DT" to designate all of Defendant's payments for Plaintiff's prevailing wage double-time hours,

      F.     "R-D. Bacon DT" to designate all of Plaintiff's prevailing wage double-time hours worked,

5

G.    Defendant never provided Plaintiff any payroll earnings statement that had any

"hours worked" payment coding designation other than the 6 Davis-Bacon prevailing wage

payroll payment coding designations listed above.

28.    At all times relevant, Defendant was a signatory to and bound by the Industry Agreement

(contract) between the National Electrical Contractors Association and the International

Brotherhood of Electrical Workers Local Union 99 (hereinafter "Contract).

29.    The United States Department of Labor (US DOL) has deemed the hourly base rate of pay

and the employee benefit plan hourly contribution rate set forth in NEC-IBEW Industry Contract

to be the applicable *de facto* "prevailing wage" for electricians working construction projects in Rhode

Island.

30.    Per R.I.G.L. § 37-13-8, RIDLT uses for Rhode Island Public Works projects the "applicable

prevailing wage rate determinations as made by the secretary of labor of the United States of

America in accordance with the Davis-Bacon Act."

31.    Throughout Defendant's employment of Plaintiff, both the controlling NEC-IBEW

Industry Contract and the applicable Public Works prevailing wage "Wage Rate Determination"

both identically specified the same 57.24%  of "the straight time base rate" as the employee benefit

plan hourly contribution rate and the same regular straight time base hourly rates of pays set forth

below:

January 30, 2017 to July 2, 2017:
a.    Journeyman Straight time Base Rate: $36.86
July 3, 2017 to May 17, 2018:
b.    Journeyman Straight time Base Rate: $38.08

32.    For each hour worked by Plaintiff, Defendant had the concomitant    additional obligation to

once a month pay in Plaintiff's name to the plan administrators for the five following NEC-IBEW

Industry employee retirement and benefit plans the following stated percentages of Plaintiff's gross

6

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/19/2020 11:29 AM
Envelope: 2553806
Reviewer: Lindsay Z.

hourly prevailing wage "straight time base rate": Health and Welfare (26.9%), Pension (12.74%), Annuity (12.03%), JACT (2.57%) and NEBF (3%).

33. Throughout Defendant's employment of Plaintiff, the controlling Contract as well as R.I.G.L. § 37-13-10, entitled "Overtime Compensation", required Defendant to pay Plaintiff daily overtime premium pay for all hours worked in excess of eight (8) on any work day and overtime premium pay for all weekly hours worked in excess of forty (40) in any workweek.

34. In several recurring workday and workweek circumstances, the Contract obligated Defendant to pay Plaintiff at premium time rates greater than set by R.I.G.L.§ 37-13-10, with such terms including:

a. Section 3.05. When overtime is worked the calculation of fringe benefits will not exceed one and one halftimes the straight time rate of pay.

b. Section 3.06. Time and one half (1 1/2) will apply to new construction work on the first two hours after the regular working hours and the first eight hours on Saturday. All other overtime shall be paid at double the regular hourly rate. Time and one half (1 1/2) shall apply on maintenance, repair and alteration work between the hours of 4:30 p.m. and 12:00 midnight, Monday through Friday, and 8:00 a.m. to 4:30 p.m. on Saturday. All other overtime shall be paid at double the regular hourly rate.

c. Section 3.02. Except as provided in 3.05. and 3.06 all work performed outside of the regularly scheduled working hours on Saturdays, Sundays and designated Holidays shall be paid for double the regular straight time rate of pay.

35. To determine which specific premium pay terms and conditions applied to her hours worked, Plaintiff sought to obtain a full explanation from Defendant's managers about when Defendant would pay time and one-half premium time pay and when Defendant would pay double-time premium pay under the Contract.

7

36.     After noting that Defendant was failing to meet its obligations under the contract because Defendant was continuously failing to pay Plaintiff the full amounts due for all her straight time hours worked and premium time hours worked, Plaintiff began making frequent inquiries and persistent complaints to Defendant's managers including Defendant's payroll and human resources personnel to try to get paid correctly.

37.     Plaintiff often argued that the Contract stated Defendant's obligation to pay her and that she was grossly underpaid because she was not paid a high percentage of wages for overtime and double time hours she worked.

38.     Defendant's managers and personnel never corrected Defendant's failure to properly pay Plaintiff wages.

39.     The Billerica Managers acted affirmatively and illegally acted to bar and prevent any true and accurate recordation of any of Plaintiff's total daily hours worked.

40.     The Defendant used an mCompanion system to have Plaintiff enter her hours, track her work and otherwise submit for pay.

41.     Plaintiff persistently, diligently and fruitlessly told her Billerica Managers and human resources. that she was having numerous mCompanion® time-entry problems, timekeeping malfunctions, wage rate errors, frequent deletions, to include:

    a.      Lock-outs that completely denied access in the mCompanion system;

    b.      That Hours worked actually "successfully" entered into mCompanion did not get paid with Plaintiff being left with no means to determine why Defendant did not pay them;

    c.      That when entering overtime and double time hours worked the premium time rate applicable to a particular Work Order Number the system would override her entry and errantly reduce her rate to straight time.

8

d. That when using some work order numbers, Plaintiff would put in the Work Order Numbers they were errantly deleted before she had the chance to try to enter hours worked using the disappearing Work Order Numbers which permanently prevented Plaintiff from entering any hours worked relating to some specific Work Order Numbers;

42. The following are 6 weekly payroll earning statements that recap the Defendant's failure to properly pay the Plaintiff. (The dates listed are Defendant's payroll earnings statement dates.):

03-08-17 **Worked 71.50** weekly prevailing wage work hours
**Paid 70** weekly hours at straight time pay
**Paid 1.50** double-time hours worked
No premium time pay: 10 overtime hours worked
No premium time pay: 20 double-time hours worked

09-13-17 **Worked 58.54** weekly prevailing wage work hours
**Paid 15.5** straight time hours worked
No pay at all: 24.5 straight time hours worked
No pay at all: 10 overtime hours worked
No pay at all: 8.54 double-time hours worked

11-01-17 **Worked 59.42** weekly prevailing wage work hours
**Paid 5.75** hours straight time hours worked
No pay at all: 34.25 straight time hours worked
No pay at all: 10 overtime hours worked
No pay at all: 9.42 double-time hours worked

12-06-17 **Worked 60** weekly prevailing wage work hours
**Paid 12.77** straight time hours worked
No pay at all: 27.23 straight time hours worked
No pay at all: 10 overtime hours worked
No pay at all: 10 double-time hours worked

12-27-17 **Worked 53.5** weekly prevailing wage work hours
**Paid 6.5** straight time hours worked
No pay at all: 33.5 straight time hours worked
No pay at all: 10 overtime hours worked
No pay at all: 3.5 double-time hours worked

04-18-18 **Worked 62.34** weekly prevailing wage work hours
**Paid 5.5** straight time hours worked
No pay at all: 34.5 straight time hours worked
No pay at all: 10 overtime hours worked

9

No pay at all: 12.34  double-time hours worked

43.    The 6 prototypical paychecks recapped above, prove that Siemens discriminatorily failed to

pay to her fully earned Rhode Island Public Works prevailing wages.  Aggregating all payments

(gross nonpayments) detailed in the immediately preceding paragraphs demonstrates the following

rates of extreme sexist wage theft Siemens discriminatorily suffered on Plaintiff:

    a.    Siemens paid only 46% (150 of 320) of Plaintiff's "D.Bacon" straight
    time hours worked.

    b.    Siemens paid only 8% (6.5 of 78.23) of Plaintiff's "D.Bacon-OT"
    overtime hours worked, and

    c.    Siemens paid only 2% (1.50 of 66.89) of Plaintiff's "D.Bacon-DT"
    double-time hours worked.

44.    Defendant's Managers knowingly and intentionally misused the dysfunction mCompanion

system to fraudulently bar, preempt and spoliate any opportunity to make any complete (or even

partial) record of an extremely high percentage of Plaintiff's (total) daily hours worked.

45.    All of Siemens' prevailing wage nonpayments intentionally violating Siemens 's prevailing

wage payment obligation and intentionally discriminated against Plaintiff because she is female.

46.    But-for SI's intentional sex discrimination Defendant's Managers would have acted lawfully

and rationally to end extreme SI's sexist wage theft.

47.    Defendant was obligated by law to pay Plaintiff in full once a week for all of her straight time,

time and a half and/or double time hours worked during the preceding workweek at the proper rates.

48.    All of Plaintiff's Managers were fully aware that they were causing Plaintiff to be grossly

underpaid on a continuous weekly basis, because of their discriminatory adverse negative

consideration of Plaintiff's gender and sex, but refused to afford Plaintiff a mandatory audit of

Plaintiff's payroll records and compute Plaintiff's unpaid wages owed and promptly pay Plaintiff her

backpay entitlement.

10

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2553806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA Document 1-4 Filed 06/22/20 Page 18 of 68 PageID #: 67

49. But-for Siemens' intent to discriminate against Plaintiff based on gender and sex, Plaintiff's Managers would have conformed to the law and paid all of Plaintiff's hours worked entered into the "timesheet" format, taken all steps necessary to stop gross weekly nonpayments, fixed the continuously occurring mCompanion time-entry problems, developed and defined an mCompanion work-around or provided an alternate method of recording Plaintiff's daily and weekly hours worked to assuring the true and accurate recordation the payment of all daily and weekly prevailing wage hours.

50. In addition, through Plaintiff's employment Defendant SI she was required approximately one time a month to work on one of her scheduled "days off" without pay on average 4.5 hours to fulfill the monthly maintenance obligations that the Siemens truck lease imposed on Siemens.

51. All of these monthly truck maintenance hours Plaintiff worked constitute weekly unpaid double time hours worked.

52. Siemens is liable for not paying Plaintiff to fulfill Siemens' truck lease monthly maintenance obligations which, using a 4.5 hour trip average time, at a double time rate, which with treble damages resulting in $17,276.22 owed to Plaintiff for this obligation alone.

53. In Rhode Island where Siemens employed Plaintiff and a number of male electricians — who it assigned to work only in Rhode Island, it had Rhode Island Public Works prevailing wage contracts and subcontracts to perform electrical trade work.

54. Defendants Managers segregating Plaintiff from the male electricians by permanently assigning her alone to perform onerous state-wide "Outage Work" while assigning males to do all of much less demanding "LED Conversion Work."

55. Plaintiff and all Siemens male electricians working in Rhode Island were in all material respects "similarly situated" to Plaintiff, having the rates of pay for electrical work under the same contract and laws.

11

56. During each workweek Defendant's Manager(s) would decide how many hours worked would be approved for payment for each Rhode Island electrician and decide whether each Rhode Island electrician would be assigned to perform "Outage Work" or "LED Conversion Work."

57. The Defendant's Managers, due to her sex, deliberately assigned Plaintiff, the only woman, to perform its onerous state-wide "Outage Work" where as male electricians in Rhode Island were assigned to do all of much less demanding "LED Conversion Work."

58. Defendant's Managers deliberately and discriminatorily refused to regularly (or ever) rotate Plaintiff into doing the much less onerous, far less time-consuming LED Conversion Work because of her sex, illegally segregating Plaintiff, who was assigning by these managers herself to perform 100% of Prism's statewide work.[1]

59. At all times, the defendant's male electricians either had their hours correctly paid or had their complaints about non-payment promptly addressed, were not completely isolated from other workers, and were rotated in less burdensome assignments, but Plaintiff due to her sex/gender was not.

60. The discriminatory treatment of Plaintiff, both based on the assignment of her work, her isolation from males, and defendant's failure to pay her correctly constitutes intentional sex and gender discrimination which was intended by Defendant to injure Plaintiff because she is female.

61. Defendant's above stated failures constitute knowing and deliberate violations of the FLSA, RIMWA, RIPWA and RICRA.

62. Due to the Defendant's actions stated above, the Plaintiff was forced to leave her position in what amounted to an illegal involuntary constructive discharge on or about May 27, 2018.

---

[1] At some point when Prism increased its overall demand for total Siemens Outage Work a similarly situated Rhode Island male Siemens electrician began to perform some Prism Outage Work.

12

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/19/2020 11:29 AM
Envelope: 2555906
Reviewer: Lindsay Z.

Case 1:21-cv-00259-JJM-LDA Document 1-4 Filed 06/22/20 Page 26 of 68 PageID #: 69

63. Defendant discriminatorily, deliberately and maliciously refused to provide Plaintiff her final paycheck, paying Plaintiff nothing at all for her final days, which further unjustly enriching Defendant and discriminating against Plaintiff due to her sex.

64. The sexist disparate treatment and sexist discriminatory conduct, policies and practices that her Billerica Managers intentionally suffered upon Plaintiff permeated every hour of Plaintiff's workdays and created an intentionally injurious anti-female hostile sexist work environment by forcing Plaintiff to be constantly mindful that because of her gender and sex Siemens was eviscerating all of her core payday entitlements, isolating her from other workers, giving her harder jobs, and leaving her perpetually injured and harassed with the constant *de facto* sexist threat that she would never be able to stop Siemens sexist wage theft.

65. Plaintiff was assigned to work on SI's subcontracts with Prism who had a Rhode Island statewide contract to install LED light work. She installed approximately 1,200 lights every month and timely performing 100% of the 13 cities and towns' 5-day electrical repair completion deadlines.

66. Plaintiff's Siemens' Managers each knew that Plaintiff was performing all rapid response lighting repair work required by all 13 Rhode Island municipalities under contract with Prism.

67. In or about September 2017 while Plaintiff continued to perform100% of the Prism subcontract statewide outage work for Defendant, Prism's Contract Managers initiated a 6-person telephone conference call to address Defendant's performance (Plaintiff's solo performance) of Prism's Rhode Island municipal 5-day electrical outage repair work that Prism had subcontracted to Defendant.

68. The Prism Contract Managers conferenced in Plaintiff and her Managers to engage in the conference call with the Prism Manager bluntly stating: "Well we have six people on this conference call but Siemens has assigned only one person to do all of our work on all of our Rhode Island

13

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 5/19/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA   Document 1   Filed 06/22/20   Page 27 of 68 PageID #: 70

municipal contracts. Why isn't Siemens assigning more people? You are killing this woman [referring to Plaintiff]."

69.    Plaintiff's Managers disregarded Prism's unequivocal criticism ("You are killing this woman [referring to Plaintiff]") and continued making Plaintiff work an extreme number of daily overtime hours and an extreme number of weekly overtime hours that Siemens stole at the Siemens criminal overtime sexist payment denial rate of 92%.

70.    While completing all of Prism's statewide municipal lighting repairs 2017-2018, Plaintiff's Siemens' Managers also required Plaintiff to do a lot more additional work:

   a.    Plaintiff had to respond to "time is off the essence" 4-hour rapid response on-call jobs in Worcester electrical repair work or knocked down-pole removals; and

   b.    Whenever Defendant's crews of male electricians fell behind schedule, Plaintiff's Managers would require Plaintiff to work a few full days performing conversion project acceleration work to limit and terminate delays on Defendant's Public Works "time is of the essence" LED conversion contracts.

71.    The Worcester 4-hour rapid response assignments required Plaintiff to get on the road leave Warwick and get up to Worcester as soon as possible to complete the necessary rapid response work in Worcester.

72.    On-call jobs in Worcester often consumed 5 or 6 hours. Typically, Plaintiff completed most Worcester on-call jobs in 3 1/2 to 4 hours.

73.    It was the Siemens established pattern, practice and policy to have Defendant's Managers in Billerica prepare (directly or indirectly), then exercise the final computation and final approval of the Billerica "weekly total hours worked payroll report."

14

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 3/10/2020 11:29 AM
Envelope: 2555506
Reviewer: Lindsay Z.

74. Before sending the "weekly total hours worked payroll report spreadsheet" to the Payroll Defendant's Managers necessarily took great care when reviewing and finalizing the "weekly total hours worked report."

75. Defendant's Managers were fully aware that Plaintiff's was working a great many overtime hours every week to timely complete Prism's work for the 13 cities, installing 1,200 lights, plus duly completing all of her Worcester 4-hour on-call assignments and often working full day on Defendant's LED Conversion Projects that fell behind schedule

76. Plaintiff's Billerica Managers/weekly paymasters each knew that Plaintiff regularly and consistently worked long hard full weeks every week, working 55 hours a week, 60 hours a week, sometimes 70 hours a week. Despite contemporaneously knowing that Plaintiff was forced to work 55 to 70-hours a week, Plaintiff's Managers knowingly and discriminatorily subjected her to sexist payment denial, grossly underpaying her as shown by the following:

| | | | | |
|---|---|---|---|---|
| a. | Ex. 5 | 09-13-17 | **58.54 Worked** | 15.5 Paid |
| b. | Ex. 6 | 11-01-17 | **59.42 Worked** | 5.75 Paid |
| c. | Ex. 7 | 12-06-17 | **60.00 Worked** | 12.77 Paid |
| d. | Ex. 8 | 12-27-17 | **53.50 Worked** | 6.5 Paid |
| e. | Ex. 9 | 04-18-18 | **62.34 Worked** | 5.5 Paid |

77. Every week the Defendant SI electronically wired to Plaintiff her paystubs, over state lines, and engaged in this behavior to obtain thousands of dollars under false pretenses.

78. Defendant sent e-pay stubs to Plaintiff each week via interstate wire transmissions, they both maximized and camouflaged the Siemens wage theft from Plaintiff, thereby allowing Defendant to obtain under false pretenses enormous sums of money it refused to pay Plaintiff in earned prevailing wages.

15

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/19/2020 11:29 AM
Envelope: 2655605
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA   Document 1-4   Filed 06/22/20   Page 29 of 68 PageID #: 72

## COUNT I.

Failure to pay as required under  29 U.S.C. § 216(b) and

## COUNT II

Failure to pay as required under R.I.G.L. § 28-12-1 et seq., and 28-14-1 et seq.,

79.     The allegations made in the above paragraphs are hereby realleged and incorporated by reference.

80.     The Defendant failed to properly pay the Plaintiff

      a.      All overtime hours worked.

      b.      Sums for all regular hours worked

      c.      Sums for all premium pay and benefits amounts she is owed

81.     As a result the Defendant is liable to the Plaintiff in an amount to be determined by the court, plus all applicable liquidated damages, attorneys fees and cost.

## COUNT III.
## R.I.G.L. § 37-13-17

82.     The allegations made in the above paragraphs are hereby realleged and incorporated by reference.

83.     The Defendant had Plaintiff work on publics work jobs that qualified her for failed to properly pay the Plaintiff

      a.      All overtime hours worked.

      b.      Sums for all regular hours worked

      c.      Sums for all premium pay and benefits amounts she is owed

84.     As a result the Defendant is liable to the Plaintiff in an amount to be determined by the court, plus all applicable liquidated damages, attorneys fees and cost.

## COUNT IV.
## R.I.G.L. § 42-112-1 (Sex)

16

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2553806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA   Document 1-4   Filed 06/22/20   Page 30 of 68 PageID #: 73

85.     The allegations made in the above paragraphs are hereby realleged and incorporated by reference.

86.     The Defendant deliberately discrimination against Plaintiff based on her sex both in it failure to assign her to easier positions given to me, their failure to provide her with equal pay provided to men for working the same hours, and their failure to otherwise address her wage complaints in the same fashion they did so for me.

87.     As a result, the Plaintiff has suffered loss of wages, mental and emotional distress, attorney's fees and other such damages both as a result of the hostile environment she suffered and her wrongful constructive discharge.

88.     Plaintiff seeks an award against the Defendant for loss of wages, mental and emotional distress, attorney's fees, punitive damages and other such relief as may be awarded by the Court.

COUNT IV.
R.I.G.L. § 28-50-1

89.     The allegations made in the above paragraphs are hereby realleged and incorporated by reference.

90.     The Plaintiff repeatedly reported to the Defendant, via her supervisors that she was not being paid in accordance with various State, and Federal Laws.

91.     As a result of these complaints, the Plaintiff was subjected to a hostile environment, being both isolated from her fellow coworkers, but also increasingly paid less equitably to her fellow coworkers.

92.     As a result, the Plaintiff has suffered loss of wages, mental and emotional distress, attorney's fees and other such damages both as a result of the hostile environment she suffered and her wrongful constructive discharge.

93.     Plaintiff seeks an award against the Defendant for loss of wages, mental and emotional distress, attorney's fees, punitive damages and other such relief as may be awarded by the Court.

17

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555606
Reviewer: Lindsay Z.

WHEREFORE, Plaintiff respectfully demands judgment against the Defendant in an amount to be determined by this litigation, together with interest, attorney's fees, cost, punitive damages, and other relief this court deems just and fit.

Plaintiff,
By her attorney,


/s/ Sonja L. Deyoe
Sonja L. Deyoe, Esq. 6301
Law offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
(401) 354-7464 (fax)

18

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

STATE OF RHODE ISLAND                    SUPERIOR COURT
KENT, S.C.

ANN MARIE MACCARONE
       Plaintiff,

v.                                       PC2020-

SIEMENS INDUSTRY, INC
       Defendant.


## JURY DEMAND

Plaintiff hereby demands jury trial on all counts so triable.


                        Plaintiff,
                        By her attorney,


                        /s/ Sonja L. Deyoe
                        Sonja L. Deyoe, Esq. 6301
                        Law offices of Sonja L. Deyoe
                        395 Smith Street
                        Providence, RI 02908
                        (401) 864-5877
                        (401) 354-7464 (fax)
                        sld@the-straight-shooter.com

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1.  **Call the Office of Court Interpreters at (401) 222-8710, or**

2.  **Send an email message to <u>interpreterfeedback@courts.ri.gov</u>, or**

3.  **Visit the interpreters' office to schedule an interpreter:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Fourth Floor, Room 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**When requesting an interpreter, please provide the following information:**

- **The name and number of your case**
- **The language you are requesting**
- **The date and time of your hearing**
- **The location of your hearing**
- **Your name and a telephone number where we can reach you or your lawyer**

---

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the internet:
http://www.courts.ri.gov/Interpreters/englishversion/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA Document 1-1 Filed 06/22/20 Page 34 of 68 PageID #: 77

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.

**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.

**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**

2. **Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o**

3. **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

   **The Office of Court Interpreters**
   **Licht Judicial Complex**
   **Cuarto Piso, Oficina 401 A-B**
   **250 Benefit Street**
   **Providence, RI 02903**

   **Al solicitar un intérprete, por favor provea la siguiente información:**

- **El nombre y el número de su caso**

- **El idioma que solicita**

- **La fecha y hora de su audiencia**

- **Dónde va a tomar lugar su audiencia**

- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

---

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

**http://www.courts.ri.gov/Interpreters/englishversion/default.aspxi.**

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA Document 1-4 Filed 06/22/20 Page 35 of 68 PageID #: 78

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Camboyano:** SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Portugués:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# N O T I F I C A Ç Ã O

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1.  Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou

2.  Enviar uma mensagem de correio eletrónico para **interpreterfeedback@courts.ri.gov**, ou

3.  Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:

> **Gabinete de Intérpretes Judiciais**
> **Complexo Judicial Licht**
> **Quarto Piso, Sala 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- **O nome e número do seu processo**
- **O idioma que solicita**
- **A data e hora da sua audiência**
- **O local da sua audiência**
- **O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado**

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet: **http://www.courts.ri.gov/Interpreters/englishversion/default.aspxi**.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

> Gabinete de Intérpretes Judiciais
> Complexo Judicial Licht
> Quarto Piso, Sala 401
> 250 Benefit Street
> Providence, RI 02903

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/16/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA Document 1-4 Filed 06/22/20 Page 36 of 68 PageID #: 79

មើលសេចក្ដីជូនដំណឹងនេះជាភាសាខ្មែរ ផុសសារ និងព័ត៌មានបន្ថែមនៅលើទំព័រដែលបានផ្តល់។

# សេចក្ដីជូនដំណឹង

## លោកអ្នកមានបណ្ដឹងនៅក្នុងប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។

## លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។



ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012-05 បានចែងចំពោះអ្នកែលមានទាក់ទងនឹងវិវាទក្នុងការអង់គ្លេសមានកំណត់ (LEP) បញ្ជាក់ជូននៅក្នុងតុលាការ តុលាការនៃ Rhode Island និងផ្ដល់អ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ចុងចោទ ដើម្បីចោទ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន ឬនរណាម្នាក់ដែលមានកាត់ព័ន្ធយ៉ាងសំខាន់នៅក្នុងដំណើរការតុលាការ។ សេចក្ដីប្រកប្រួនេះ ត្រូវបានផ្ដល់ជូនដោយអ្នកបកប្រែឥតគិតថ្លៃសម្រាប់ត្រូវគ្រប់ប្រភេទនៃបណ្ដឹង ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ អ្នកបកប្រែក្នុងតុលាការគឺការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។ ដើម្បីស្វែងរកពេលវេលារបស់អ្នកបកប្រែសម្រាប់បំរើសួលរ234ការរបស់លោកអ្នក លោកអ្នកមានជម្រើសជូនដូចខាងក្រោម ៖

1. ទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយ:លេខ (401) 222-8710 ឬ
2. ផ្ញើអ៊ីម៉ែលទៅកាន់ **interpreterfeedback@courts.ri.gov** ឬ
3. ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីប្រាងការណ៍អ្នកបកប្រ ៖

    **The Office of Court Interpreters**
    **Licht Judicial Complex**
    **Fourth Floor, Room 401**
    **250 Benefit Street**
    **Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រ សូមផ្ដល់ព័ត៌មានជូនខាងក្រោម ៖

- ឈ្មោះ និងលេខបណ្ដឹងរបស់លោកអ្នក
- ភាសាដែលលោកអ្នកស្នើសុំ
- កាលបរិច្ឆេទ និងទៅ់ងវេលាការរបស់លោកអ្នក
- ទីតាំងនៃសវនាការរបស់លោកអ្នក
- ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងអ្នកអាចទាក់ទងទៅដល់លោកអ្នក ឬមានវីលោកអ្នកបាន

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាព័ត៌មានផ្សេងៗ រួមស៊ី និងអំណ្តា រួមទាំងបញ្ជីទម្រង់បែបបទអេឡិចត្រូនិកការដែលមានជាភាសាអេឡិចញ្ចោះ សូមចូល ទៅកាន់គេហទំព័ររបស់យើងខ្ញុំនៅលើអ៊ុនធឺណិត ៖

**http://www.courts.ri.gov/Interpreters/englishversion/default.aspx**។

ដើម្បីស្វែងរកការបកប្រែសេចក្ដីជូនដំណឹងនេះជាភាសាណាមួយផ្សេងទៀត សូមទូរស័ព្ទមកការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយ:លេខ (401) 222-8710។ រាជការ៉ាចាំបាច់ដែលត្រូវមានឧបករណ៍ជំនួយការភាសាអេឡិចជាមួយលោកអ្នកនៅពេលដែលលោកអ្នកទូរស័ព្ទមកលា។

តុលាការ Rhode Island រៀបរើឲ្យរលូការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការ
**Licht Judicial Complex**
**Fourth Floor Room 401**
**250 Benefit Street**
**Providence, RI 02903**

# EXHIBIT B

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

STATE OF RHODE ISLAND                          SUPERIOR COURT
KENT COUNTY, S.C.

_____
                                          :
ANN MARIE MACCARONE,                       :
                                          :
        Plaintiff,                        :
                                          :
v.                                         :        C.A. No. KC-2020-0344
                                          :
SIEMENS INDUSTRY, INC.,                    :
                                          :
        Defendant.                        :
                                          :
_____           :

## <u>**NOTICE OF FILING OF NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1331 & 1367, Defendant Siemens Industry, Inc., ("Defendant"), hereby gives notice to the Superior Court of Kent County, Rhode Island, and to the attorney for Plaintiff Ann Marie Maccarone that on June 15, 2020, Defendant filed a Notice of Removal, thereby removing this action to the United States District Court for the District of Rhode Island. A copy of the Notice of Removal electronically filed on June 15, 2020 is attached hereto.

Respectfully submitted,

SIEMENS INDUSTRY, INC.,

By its attorneys,

/s/John D. Doran
John D. Doran (#6415)
Matthew D. Strauss (#10072)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
(401) 824-2500
(401) 454-2969 (fax)
jdoran@littler.com
mstrauss@littler.com

Dated: June 15, 2020

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA  Document 2  Filed 06/22/20  Page 39 of 68 PageID #: 82

## **CERTIFICATE OF SERVICE**

I, John D. Doran, hereby certify that a true and accurate copy of the foregoing Notice of Filing of Notice of Removal was filed electronically by operation of the electronic filing system and served electronically upon the following counsel of record on this 15th day of June, 2020:

Sonja L. Deyoe, Esq.
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908

/s/ John D. Doran
John D. Doran

4814-6849-8880.1 067219.1083

2

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 40 of 68 PageID #: 83

STATE OF RHODE ISLAND        SUPERIOR COURT
KENT COUNTY, S.C.

|  |  |  |
|---|---|---|
| ANN MARIE MACCARONE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. KC-2020-0344 |
| | : | |
| SIEMENS INDUSTRY, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331 & 1367, Defendant Siemens Industry, Inc., ("Defendant"), hereby gives notice to the Superior Court of Kent County, Rhode Island, and to the attorney for Plaintiff Ann Marie Maccarone that on June 15, 2020, Defendant filed a Notice of Removal, thereby removing this action to the United States District Court for the District of Rhode Island.  A copy of the Notice of Removal electronically filed on June 15, 2020 is attached hereto.

Respectfully submitted,

SIEMENS INDUSTRY, INC.,

By its attorneys,

/s/John D. Doran
John D. Doran (#6415)
Matthew D. Strauss (#10072)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI  02903
(401) 824-2500
(401) 454-2969 (fax)
jdoran@littler.com
mstrauss@littler.com

Dated: June 15, 2020

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/15/2020 2:38 PM
Envelope: 2625398
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 41 of 68 PageID #: 84

## CERTIFICATE OF SERVICE

I, John D. Doran, hereby certify that a true and accurate copy of the foregoing Notice of Filing of Notice of Removal was filed electronically by operation of the electronic filing system and served electronically upon the following counsel of record on this 15th day of June, 2020:

Sonja L. Deyoe, Esq.
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908

/s/ John D. Doran
John D. Doran

4814-6849-8880.1 067219.1083

2

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/8/2020 1:58 PM
Envelope: 2615132
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 42 of 68 PageID #: 85

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2020-0344 |
| **Plaintiff**<br>Ann Maccarone<br><br>v.<br><br>Siemens Industry, Inc.,<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Sonja L. Deyoe |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAW OFFICES OF SONJA L DEYOE<br>395 SMITH STREET<br>PROVIDENCE RI 02908 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI 02886<br>(401) 822-6900 | **Address of the Defendant**<br>100 Technology Drive<br>Alpharetta GA 30005<br>*c/o CT Corporation System*<br>*450 Veterans Memorial Pkwy, Suite 7a* |

**TO THE DEFENDANT, Siemens Industry, Inc.,:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 4/13/2020. | /s/ Nancy Striuli<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

*5/20    11:26 Am*

*Robert Ortiz*

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/8/2020 1:58 PM
Envelope: 2615132
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA     Document 4     Filed 06/22/20     Page 43 of 68 PageID #: 86



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Ann Maccarone<br>v.<br>Siemens Industry, Inc.,<br>**Defendant** | **Civil Action File Number**<br>KC-2020-0344 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Siemens Industry, Inc.,, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

Age _____
Relationship to the Defendant _____

☑ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _Robert Ortiz CT Corp System_
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/8/2020 1:58 PM
Envelope: 2615132
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 44 of 68 PageID #: 87



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Upon a private corporation, domestic or foreign: |
|---|
| ☐ By delivering said papers to an officer or a managing or general agent. |
| Name of person and designation _____ |
| ☐ By leaving said papers at the office of the corporation with a person employed therein. |
| Name of person and designation _____ |
| ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process. |
| Name of authorized agent _____ |
| If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below. |
| _____ |

| ☐ I was unable to make service after the following reasonable attempts: _____ |
|---|
| _____ |

SERVICE DATE: 5 / 26 / 2020    11:26 AM    SERVICE FEE $ 15

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

_Constable Lic #6026_

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 6/8/2020 1:58 PM
Envelope: 2615132
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 45 of 68 PageID #: 88



SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2020-0344 |
| **Plaintiff**<br>Ann Maccarone<br> v.<br>Siemens Industry, Inc.,<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Sonja L. Deyoe |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAW OFFICES OF SONJA L DEYOE<br>395 SMITH STREET<br>PROVIDENCE RI  02908 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>100 Technology Drive<br>Alphraretta GA  30005 |

**TO THE DEFENDANT, Siemens Industry, Inc.,:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 4/13/2020. | /s/ Nancy Striuli<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND ⬤ PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Ann Maccarone<br> v.<br>Siemens Industry, Inc.,<br>**Defendant** | Civil Action File Number<br>KC-2020-0344 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Siemens Industry, Inc.,, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
    Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
    Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: _____/_____/_____        SERVICE FEE $_____
          Month   Day     Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

              Notary Public: _____
              My commission expires: _____
              Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 50 of 68 PageID #: 93

STATE OF RHODE ISLAND          SUPERIOR COURT
KENT, S.C.

ANN MARIE MACCARONE
        Plaintiff,

v.                                     PC2020-

SIEMENS INDUSTRY, INC
        Defendant.

## JURY DEMAND

Plaintiff hereby demands jury trial on all counts so triable.


                 Plaintiff,
                 By her attorney,


                 /s/ Sonja L. Deyoe
                 Sonja L. Deyoe, Esq. 6301
                 Law offices of Sonja L. Deyoe
                 395 Smith Street
                 Providence, RI 02908
                 (401) 864-5877
                 (401) 354-7464 (fax)
                 sld@the-straight-shooter.com

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA   Document 4   Filed 06/22/20   Page 51 of 68 PageID #: 94

STATE OF RHODE ISLAND                                SUPERIOR COURT
KENT, S.C.

ANN MARIE MACCARONE
          Plaintiff,

v.                                                   PC2020-

SIEMENS INDUSTRY, INC
          Defendant.

<h1 style="text-align:center">COMPLAINT</h1>

Plaintiff hereby commences this action against Defendant and alleges claims under 29 U.S.C. §

216(b), R.I.G.L. § 37-13-17, R.I.G.L. § 28-14-19.2(a), and R.I.G.L. § 42-112-2 and R.I.G.L. § 28-50-1.

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. § 1331, this Honorable Court has original jurisdiction of this civil action

to adjudicate Defendant's violations of the Fair labor Standards Act, 29 U.S.C.  §§ 206(a) and 207(a).

2.      Pursuant to 28 U.S.C. § 1332, this Honorable Court has original jurisdiction of this civil action

because the base amount in controversy exceeds the sum or value of $75,000.

3.      Plaintiff Anne Marie Maccarone is at all times, is a citizen of Rhode Island living in the

county of Kent, town of Warwick.

4.      Defendant, Siemens Industry, Inc., ("SI"), is a Delaware corporation that maintains its

principal place of business in Alpharetta, Georgia.

## COMMON FACTUAL ALLEGATIONS

5.      PLAINTIFF ANN MARIE MACCARONE ("Plaintiff"), is a woman electrician.

6.      From May 9, 2016 through May 17, 2018 Defendant SI employed Plaintiff on Defendant's

Rhode Island Public Works contracts and subcontracts as a non-exempt hourly-paid IBEW Local 99

union electrician performing only non-exempt "blue collar" repetitive manual electrical trade work in

Rhode Island.

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 52 of 68 PageID #: 95

7.      Plaintiff herein litigates against Defendant SI her statutory private rights of action established by 29 U.S.C. § 216(b), R.I.G.L. § 37-13-17, R.I.G.L. § 28-14-19.2(a) and R.I.G.L. § 42-112-2.

8.      Defendant SI has operated in this state as a Rhode Island Public Works contractor and subcontractor subject to the prevailing wage and other statutes cited herein from May 9, 2016 through May 17, 2018.

9.      Defendant SI discriminatorily refused to pay Plaintiff a very high percentage of the prevailing wages and prevailing wage employee benefit plan hourly contributions that Siemens knew Plaintiff had earned while working on Defendant's Rhode Island Public Works contracts and subcontracts because she was a woman, were as it paid male employees the full amount of the prevailing wage obligations it owed them.

10.     Throughout its employment of Plaintiff, Defendant Siemens Industry, Inc controlled all of Plaintiff's hours worked and controlled all other terms and conditions of Plaintiff's employment as her "employer".

11.     Defendant's Managers, by virtue of the authority Defendant SI provided them as Plaintiff's supervisor and immediate superior, operated as the statutory "agent" of Siemens  Industry, Inc., acting as Plaintiff's  "employer" within the meaning of 29       U.S.C. § 203(d), R.I.G.L. § 28-12-2(7) and R.I.G.L. § 28-14-1(3),

12.      Defendant SI and the Defendant's managers are each a "person" within the meaning of 29 U.S.C. §§ 203(a) and 215(a)(1).

13.     At all times relevant, Defendant SI maintained substantial contracting operations within Rhode Island from numerous Rhode Island Public Body-payors both as a Public Works "prime" contractors (in privity with the awarding Public Body) and Public Works "subcontractors" (in privity with the "prime" Public Works contractor awarded the Public Works "prime" contract) which renders Defendant SI:

2

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 53 of 68 PageID #: 96

    A.     A Rhode Island Public Works "contractor" and "subcontractor" within the meaning of R.I.G.L. §§ 37-13-1 et seq, and

    B.     A "corporation" within the meaning of R.I.G.L. § 37-13-14.1(b), (d), (e) and (h).

14.    At all times relevant, Siemens was an employer covered by and subject to the provisions of RICRA prohibiting sex and gender discrimination against Plaintiff.

15.    At all times relevant Defendant was "an enterprise engaged in and affecting interstate commerce" within the meaning of 29 U.S.C. §§ 203(s), 206(a) and 207(a) with annual gross sales far exceeding $500,000.

16.    Throughout Defendant's employment of Plaintiff, working on Defendant's numerous Public Works contracts and Public Works subcontracts, Plaintiff was engaged in "commerce" within the meaning of 29 U.S.C. §§ 203(b), (i) and (j), 206(a), 207(a) and 215(b) of the FLSA because every day Plaintiff extensively and regularly "handled" "goods" including LED lighting components, fuse panels, and other devises which were transported in interstate commerce.

17.    Throughout Plaintiff's employment all hours worked were spent performing activities for which Defendant hired and employed Plaintiff.

18.    Plaintiff's primary duty of performing electrical trade work for Defendant necessarily required that Plaintiff perform the following:

    a.     Daily physical truck inspection,

    b.     Performance of Plaintiff's of daily electrical work assignments which required her to drive Defendant's aerial work-truck each day it to each new outage or other assignments.

    c.     Perform all tasks necessary to inventory, obtain and stock all of the lighting and electrical system parts, supplies, tools and other equipment that Plaintiff needed for ready for her job.

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 54 of 68 PageID #: 97

     d.     Scheduling mandatory monthly maintenance of her leased aerial lift work-truck per Defendant's orders on a scheduled day off.

19.     Throughout her employment, Defendant had both actual and constructive knowledge of all of Plaintiff hours worked for it and controlled and directed she work those hours using GPS to monitor her work cite locations.

20.     During Siemens employment of Plaintiff from May 9, 2016 through May 17, 2018, Plaintiff was supervised or managed by her Managers who each worked in Defendant's Billerica Office.

21.     These managers were in charge of a relatively small pool of 10 -15 Massachusetts and Rhode Island electricians all working on Davis-Bacon or State prevailing wage contracts and charged in part or full, with Defendant's human resource workers, with ensuring proper payment for hours worked by these workers.

22.     On the first day of her employment, Plaintiff specifically asked her Foreman to specify the hourly rate Defendant was paying her and to clarify when she would be paid time and one-half premium pay and when she would be paid time double-time premium pay.

23.     Plaintiff was told her hourly rate was $27.62, that Defendant would pay Plaintiff time and one half overtime pay for the first two hours worked in excess of 8 hours on a week day, time and one half overtime for the first eight hours on Saturdays, and double-time for hours worked in excess of 10 per day and for hours worked in excess of eight on Saturdays.

24.     On the second day Defendant employed Plaintiff, Plaintiff received new hire orientation and instruction from one of Plaintiff's Defendant's managers, Mr. McElroy. Plaintiff asked Mr. McElroy about the rules governing payment to her and Mr. McElroy provided her essentially the same explanation her Foreman had provided her, adding that if any question arose, then the contract would need to be reviewed to determine which standard applied.

25.     Plaintiff was told she would be paid under the contract by Defendant.

4

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 55 of 68 PageID #: 98

26.     The Rhode Island Department of Labor and Training adopted the United States

Department of Labor Davis-Bacon prevailing wage "Wage Rate Determination" in R.I.G.L. § 37-13-

8 which defines the regular straight time base hourly rate of pay of electricians and the prevailing

wage benefit plan hourly contribution rate for electricians and which obligated Defendant to pay

Plaintiff in full once a week for all of her straight time, time and a half and double time hours worked

during the preceding workweek using the prevailing wage base rate to properly compute and pay all

hours worked.

27.     Defendant utilized Plaintiff solely as an electrician on Defendant's Rhode Island Public

Works contracts and subcontracts, every single itemized weekly payroll earnings statement (e-pay

stub) that Defendant provided to Plaintiff used only one of the following six (6) Davis-Bacon

prevailing wage payroll designations for each hour is paid her:

    A.     "D. Bacon" to designate all of Defendant's payments for Plaintiff's prevailing wage

straight time hours,

    B.     "R-D. Bacon" to designate all of Defendant's for Plaintiff's prevailing wage straight

time hours worked that Defendant,

    C.     "D. Bacon OT" to designate "D. Bacon" to designate all of Plaintiff's prevailing

wage overtime hours,

    D.     "R-D. Bacon OT" to designate all of Plaintiff's prevailing overtime hours worked,

    E.     "D. Bacon DT" to designate all of Defendant's payments for Plaintiff's prevailing

wage double-time hours,

    F.     "R-D. Bacon DT" to designate all of Plaintiff's prevailing wage double-time hours

worked,

5

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA   Document 4   Filed 06/22/20   Page 56 of 68 PageID #: 99

G.     Defendant never provided Plaintiff any payroll earnings statement that had any "hours worked" payment coding designation other than the 6 Davis-Bacon prevailing wage payroll payment coding designations listed above.

28.     At all times relevant, Defendant was a signatory to and bound by the Industry Agreement (contract) between the National Electrical Contractors Association and the International Brotherhood of Electrical Workers Local Union 99 (hereinafter "Contract).

29.     The United States Department of Labor (US DOL) has deemed the hourly base rate of pay and the employee benefit plan hourly contribution rate set forth in NEC-IBEW Industry Contract to be the applicable *de facto* "prevailing wage" for electricians working construction projects in Rhode Island.

30.     Per R.I.G.L. § 37-13-8, RIDLT uses for Rhode Island Public Works projects the "applicable prevailing wage rate determinations as made by the secretary of labor of the United States of America in accordance with the Davis-Bacon Act."

31.     Throughout Defendant's employment of Plaintiff, both the controlling NEC-IBEW Industry Contract and the applicable Public Works prevailing wage "Wage Rate Determination" both identically specified the same 57.24% of "the straight time base rate" as the employee benefit plan hourly contribution rate and the same regular straight time base hourly rates of pays set forth below:

> January 30, 2017 to July 2, 2017:
> a.     Journeyman Straight time Base Rate: $36.86
> July 3, 2017 to May 17, 2018:
> b.     Journeyman Straight time Base Rate: $38.08

32.     For each hour worked by Plaintiff, Defendant had the concomitant   additional obligation to once a month pay in Plaintiff's name to the plan administrators for the five following NEC-IBEW Industry employee retirement and benefit plans the following stated percentages of Plaintiff's gross

6

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 57 of 68 PageID #: 100

hourly prevailing wage "straight time base rate": Health and Welfare (26.9%), Pension (12.74%), Annuity (12.03%), JACT (2.57%) and NEBF (3%).

33. Throughout Defendant's employment of Plaintiff, the controlling Contract as well as R.I.G.L. § 37-13-10, entitled "Overtime Compensation", required Defendant to pay Plaintiff daily overtime premium pay for all hours worked in excess of eight (8) on any work day and overtime premium pay for all weekly hours worked in excess of forty (40) in any workweek.

34. In several recurring workday and workweek circumstances, the Contract obligated Defendant to pay Plaintiff at premium time rates greater than set by R.I.G.L.§ 37-13-10, with such terms including:

    a. Section 3.05. When overtime is worked the calculation of fringe benefits will not exceed one and one halftimes the straight time rate of pay.

    b. Section 3.06. Time and one half (1 1/2) will apply to new construction work on the first two hours after the regular working hours and the first eight hours on Saturday. All other overtime shall be paid at double the regular hourly rate. Time and one half (1 1/2) shall apply on maintenance, repair and alteration work between the hours of 4:30 p.m. and 12:00 midnight, Monday through Friday, and 8:00 a.m. to 4:30 p.m. on Saturday. All other overtime shall be paid at double the regular hourly rate.

    c. Section 3.02. Except as provided in 3.05. and 3.06 all work performed outside of the regularly scheduled working hours on Saturdays, Sundays and designated Holidays shall be paid for double the regular straight time rate of pay.

35. To determine which specific premium pay terms and conditions applied to her hours worked, Plaintiff sought to obtain a full explanation from Defendant's managers about when Defendant would pay time and one-half premium time pay and when Defendant would pay double-time premium pay under the Contract.

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 58 of 68 PageID #: 101

36.     After noting that Defendant was failing to meet its obligations under the contract because Defendant was continuously failing to pay Plaintiff the full amounts due for all her straight time hours worked and premium time hours worked, Plaintiff began making frequent inquiries and persistent complaints to Defendant's managers including Defendant's payroll and human resources personnel to try to get paid correctly.

37.     Plaintiff often argued that the Contract stated Defendant's obligation to pay her and that she was grossly underpaid because she was not paid a high percentage of wages for overtime and double time hours she worked.

38.     Defendant's managers and personnel never corrected Defendant's failure to properly pay Plaintiff wages.

39.     The Billerica Managers acted affirmatively and illegally acted to bar and prevent any true and accurate recordation of any of Plaintiff's total daily hours worked.

40.     The Defendant used an mCompanion system to have Plaintiff enter her hours, track her work and otherwise submit for pay.

41.     Plaintiff persistently, diligently and fruitlessly told her Billerica Managers and human resources. that she was having numerous mCompanion® time-entry problems, timekeeping malfunctions, wage rate errors, frequent deletions, to include:

    a.     Lock-outs that completely denied access in the mCompanion system;

    b.     That Hours worked actually "successfully" entered into mCompanion did not get paid with Plaintiff being left with no means to determine why Defendant did not pay them;

    c.     That when entering overtime and double time hours worked the premium time rate applicable to a particular Work Order Number the system would override her entry and errantly reduce her rate to straight time.

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA     Document 4     Filed 06/22/20     Page 59 of 68 PageID #: 102

    d.     That when using some work order numbers, Plaintiff would put in the Work Order Numbers they were errantly deleted before she had the chance to try to enter hours worked using the disappearing Work Order Numbers which permanently prevented Plaintiff from entering any hours worked relating to some specific Work Order Numbers;

42.    The following are 6 weekly payroll earning statements that recap the Defendant's failure to properly pay the Plaintiff. (The dates listed are Defendant's payroll earnings statement dates.):

03-08-17          **Worked 71.50** weekly prevailing wage work hours
                      **Paid 70** weekly hours at straight time pay
                      **Paid 1.50** double-time hours worked
                      No premium time pay: 10  overtime hours worked
                      No premium time pay: 20  double-time hours worked

09-13-17          **Worked 58.54** weekly prevailing wage work hours
                      **Paid 15.5** straight time hours worked
                      No pay at all: 24.5  straight time hours worked
                      No pay at all: 10  overtime hours worked
                      No pay at all: 8.54  double-time hours worked

11-01-17          **Worked 59.42** weekly prevailing wage work hours
                      **Paid 5.75** hours straight time hours worked
                      No pay at all: 34.25  straight time hours worked
                      No pay at all: 10  overtime hours worked
                      No pay at all: 9.42  double-time hours worked

12-06-17          **Worked 60** weekly prevailing wage work hours
                      **Paid 12.**77  straight time hours worked
                      No pay at all: 27.23  straight time hours worked
                      No pay at all: 10  overtime hours worked
                      No pay at all: 10  double-time hours worked

12-27-17          **Worked 53.5** weekly prevailing wage work hours
                      **Paid 6.5** straight time hours worked
                      No pay at all: 33.5  straight time hours worked
                      No pay at all: 10  overtime hours worked
                      No pay at all: 3.5  double-time hours worked

04-18-18          **Worked 62.34** weekly prevailing wage work hours
                      **Paid 5.5** straight time hours worked
                      No pay at all: 34.5  straight time hours worked
                      No pay at all: 10  overtime hours worked

9

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 60 of 68 PageID #: 103

No pay at all: 12.34 double-time hours worked

43.     The 6 prototypical paychecks recapped above, prove that Siemens discriminatorily failed to pay to her fully earned Rhode Island Public Works prevailing wages. Aggregating all payments (gross nonpayments) detailed in the immediately preceding paragraphs demonstrates the following rates of extreme sexist wage theft Siemens discriminatorily suffered on Plaintiff:

> a.      Siemens paid only 46% (150 of 320) of Plaintiff's "D.Bacon" straight time hours worked.
>
> b.      Siemens paid only 8% (6.5 of 78.23) of Plaintiff's "D.Bacon-OT" overtime hours worked, and
>
> c.      Siemens paid only 2% (1.50 of 66.89) of Plaintiff's "D.Bacon-DT" double-time hours worked.

44.     Defendant's Managers knowingly and intentionally misused the dysfunction mCompanion system to fraudulently bar, preempt and spoliate any opportunity to make any complete (or even partial) record of an extremely high percentage of Plaintiff's (total) daily hours worked.

45.     All of Siemens' prevailing wage nonpayments intentionally violating Siemens 's prevailing wage payment obligation and intentionally discriminated against Plaintiff because she is female.

46.     But-for SI's intentional sex discrimination Defendant's Managers would have acted lawfully and rationally to end extreme SI's sexist wage theft.

47.     Defendant was obligated by law to pay Plaintiff in full once a week for all of her straight time, time and a half and/or double time hours worked during the preceding workweek at the proper rates.

48.     All of Plaintiff's Managers were fully aware that they were causing Plaintiff to be grossly underpaid on a continuous weekly basis, because of their discriminatory adverse negative consideration of Plaintiff's gender and sex, but refused to afford Plaintiff a mandatory audit of Plaintiff's payroll records and compute Plaintiff's unpaid wages owed and promptly pay Plaintiff her backpay entitlement.

10

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 61 of 68 PageID #: 104

49.     But-for Siemens' intent to discriminate against Plaintiff based on gender and sex,  Plaintiff's Managers would have conformed to the law and paid all of Plaintiff's hours worked entered into the "timesheet" format, taken all steps necessary to stop gross weekly nonpayments, fixed the continuously occurring mCompanion time-entry problems, developed and defined an mCompanion work-around or provided an alternate method of recording Plaintiff's daily and weekly hours worked to assuring the true and accurate recordation the payment of all daily and weekly prevailing wage hours.

50.     In addition, through Plaintiff's employment Defendant SI she was required approximately one time a month to work on one of her scheduled "days off" without pay on average 4.5 hours to fulfill the monthly maintenance obligations that the Siemens truck lease imposed on Siemens.

51.     All of these monthly truck maintenance hours Plaintiff worked constitute weekly unpaid double time hours worked.

52.     Siemens is liable for not paying Plaintiff to fulfill Siemens' truck lease monthly maintenance obligations which, using a 4.5 hour trip average time, at a double time rate, which with treble damages resulting in $17,276.22 owed to Plaintiff for this obligation alone.

53.     In Rhode Island where Siemens employed Plaintiff and a number of male electricians – who it assigned to work only in Rhode Island, it had Rhode Island Public Works prevailing wage contracts and subcontracts to perform electrical trade work.

54.     Defendants Managers segregating Plaintiff from the male electricians by permanently assigning her alone to perform onerous state-wide "Outage Work"  while assigning males to do all of much less demanding "LED Conversion Work."

55.     Plaintiff and all Siemens male electricians working in Rhode Island were in all material respects "similarly situated" to Plaintiff, having the rates of pay for electrical work under the same contract and laws.

11

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 62 of 68 PageID #: 105

56.    During each workweek Defendant's Manager(s) would decide how many hours worked would be approved for payment for each Rhode Island electrician and decide whether each Rhode Island electrician would be assigned to perform "Outage Work" or "LED Conversion Work."

57.    The Defendant's Managers, due to her sex, deliberately assigned Plaintiff, the only woman, to perform its onerous state-wide "Outage Work" where as male electricians in Rhode Island were assigned to do all of much less demanding "LED Conversion Work."

58.    Defendant's Managers deliberately and discriminatorily refused to regularly (or ever) rotate Plaintiff into doing the much less onerous, far less time-consuming LED Conversion Work because of her sex, illegally segregating Plaintiff, who was assigning by these managers herself to perform 100% of Prism's statewide work.[1]

59.    At all times, the defendant's male electricians either had their hours correctly paid or had their complaints about non-payment promptly addressed, were not completely isolated from other workers, and were rotated in less burdensome assignments, but Plaintiff due to her sex/gender was not.

60.    The discriminatory treatment of Plaintiff, both based on the assignment of her work, her isolation from males, and defendant's failure to pay her correctly constitutes intentional sex and gender discrimination which was intended by Defendant to injure Plaintiff because she is female.

61.    Defendant's above stated failures constitute knowing and deliberate violations of the FLSA, RIMWA, RIPWA and RICRA.

62.    Due to the Defendant's actions stated above, the Plaintiff was forced to leave her position in what amounted to an illegal involuntary constructive discharge on or about May 27, 2018.

---

[1] At some point when Prism increased its overall demand for total Siemens Outage Work a similarly situated  Rhode Island male Siemens electrician began to perform some Prism Outage Work.

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 63 of 68 PageID #: 106

63.    Defendant discriminatorily, deliberately and maliciously refused to provide Plaintiff her final paycheck, paying Plaintiff nothing at all for her final days, which further unjustly enriching Defendant and discriminating against Plaintiff due to her sex.

64.    The sexist disparate treatment and sexist discriminatory conduct, policies and practices that her Billerica Managers intentionally suffered upon Plaintiff permeated every hour of Plaintiff's workdays and created an intentionally injurious anti-female hostile sexist work environment by forcing Plaintiff to be constantly mindful that because of her gender and sex Siemens was eviscerating all of her core payday entitlements, isolating her from other workers, giving her harder jobs, and leaving her perpetually injured and harassed with the constant *de facto* sexist threat that she would never be able to stop Siemens sexist wage theft.

65.    Plaintiff was assigned to work on SI's subcontracts with Prism who had a Rhode Island statewide contract to install LED light work.  She installed approximately 1,200 lights every month and timely performing 100% of the 13 cities and towns' 5-day electrical repair completion deadlines.

66.    Plaintiff's Siemens' Managers each knew that Plaintiff was performing all rapid response lighting repair work required by all 13 Rhode Island municipalities under contract with Prism.

67.    In or about September 2017 while Plaintiff continued to perform100% of the Prism subcontract statewide outage work for Defendant, Prism's Contract Managers initiated a 6-person telephone conference call to address Defendant's performance (Plaintiff's solo performance) of Prism's Rhode Island municipal 5-day electrical outage repair work that Prism had subcontracted to Defendant.

68.    The Prism Contract Managers conferenced in Plaintiff and her Managers to engage in the conference call with the Prism Manager bluntly stating: "Well we have six people on this conference call but Siemens has assigned only one person to do all of our work on all of our Rhode Island

13

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 64 of 68 PageID #: 107

municipal contracts. Why isn't Siemens assigning more people? You are killing this woman [referring to Plaintiff]."

69.     Plaintiff's Managers disregarded Prism's unequivocal criticism ("You are killing this woman [referring to Plaintiff]") and continued making Plaintiff work an extreme number of daily overtime hours and an extreme number of weekly overtime hours that Siemens stole at the Siemens criminal overtime sexist payment denial rate of 92%.

70.     While completing all of Prism's statewide municipal lighting repairs 2017-2018, Plaintiff's Siemens' Managers also required Plaintiff to do a lot more additional work:

    a.     Plaintiff had to respond to "time is off the essence" 4-hour rapid response on-call jobs in Worcester electrical repair work or knocked down-pole removals; and

    b.      Whenever Defendant's crews of male electricians fell behind schedule, Plaintiff's Managers would require Plaintiff to work a few full days performing conversion project acceleration work to limit and terminate delays on Defendant's Public Works "time is of the essence" LED conversion contracts.

71.     The Worcester 4-hour rapid response assignments required Plaintiff to get on the road leave Warwick and get up to Worcester as soon as possible to complete the necessary rapid response work in Worcester.

72.     On-call jobs in Worcester often consumed 5 or 6 hours. Typically, Plaintiff completed most Worcester on-call jobs in 3 1/2 to 4 hours.

73.     It was the Siemens established pattern, practice and policy to have Defendant's Managers in Billerica prepare (directly or indirectly), then exercise the final computation and final approval of the Billerica "weekly total hours worked payroll report."

14

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA     Document 4     Filed 06/22/20     Page 65 of 68 PageID #: 108

74.     Before sending the "weekly total hours worked payroll report spreadsheet" to the Payroll

Defendant's Managers necessarily took great care when reviewing and finalizing the "weekly total

hours worked report."

75.     Defendant's Managers were fully aware that Plaintiff's was working a great many overtime

hours every week to timely complete Prism's work for the 13 cities, installing 1,200 lights, plus duly

completing all of her Worcester 4-hour on-call assignments and often working full day on

Defendant's LED Conversion Projects that fell behind schedule

76.     Plaintiff's Billerica Managers/weekly paymasters each knew that Plaintiff regularly and

consistently worked long hard full weeks every week, working 55 hours a week, 60 hours a week,

sometimes 70 hours a week. Despite contemporaneously knowing that Plaintiff was forced to work

55 to 70-hours a week, Plaintiff's Managers knowingly and discriminatorily subjected her to sexist

payment denial, grossly underpaying her as shown by the following:

| | | | | |
|---|---|---|---|---|
| a. | Ex. 5 | 09-13-17 | **58.54 Worked** | 15.5 Paid |
| b. | Ex. 6 | 11-01-17 | **59.42 Worked** | 5.75 Paid |
| c. | Ex. 7 | 12-06-17 | **60.00 Worked** | 12.77 Paid |
| d. | Ex. 8 | 12-27-17 | **53.50 Worked** | 6.5 Paid |
| e. | Ex. 9 | 04-18-18 | **62.34 Worked** | 5.5 Paid |

77.     Every week the Defendant SI electronically wired to Plaintiff her paystubs, over state lines,

and engaged in this behavior to obtain thousands of dollars under false pretenses.

78.     Defendant sent e-pay stubs to Plaintiff each week via interstate wire transmissions, they both

maximized and camouflaged the Siemens wage theft from Plaintiff, thereby allowing Defendant to

obtain under false pretenses enormous sums of money it refused to pay Plaintiff in earned prevailing

wages.

15

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 66 of 68 PageID #: 109

## COUNT I.

Failure to pay as required under  29 U.S.C. § 216(b) and

## COUNT II

Failure to pay as required under R.I.G.L. § 28-12-1 et seq., and 28-14-1 et seq.,

79.    The allegations made in the above paragraphs are hereby realleged and incorporated by reference.

80.    The Defendant failed to properly pay the Plaintiff

      a.    All overtime hours worked.

      b.    Sums for all regular hours worked

      c.    Sums for all premium pay and benefits amounts she is owed

81.    As a result the Defendant is liable to the Plaintiff in an amount to be determined by the court, plus all applicable liquidated damages, attorneys fees and cost.

## COUNT III.
## R.I.G.L. § 37-13-17

82.    The allegations made in the above paragraphs are hereby realleged and incorporated by reference.

83.    The Defendant had Plaintiff work on publics work jobs that qualified her for failed to properly pay the Plaintiff

      a.    All overtime hours worked.

      b.    Sums for all regular hours worked

      c.    Sums for all premium pay and benefits amounts she is owed

84.    As a result the Defendant is liable to the Plaintiff in an amount to be determined by the court, plus all applicable liquidated damages, attorneys fees and cost.

## COUNT IV.
## R.I.G.L. § 42-112-1 (Sex)

16

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

Case 1:20-cv-00259-JJM-LDA   Document 4   Filed 06/22/20   Page 67 of 68 PageID #: 110

85.     The allegations made in the above paragraphs are hereby realleged and incorporated by reference.

86.     The Defendant deliberately discrimination against Plaintiff based on her sex both in it failure to assign her to easier positions given to me, their failure to provide her with equal pay provided to men for working the same hours, and their failure to otherwise address her wage complaints in the same fashion they did so for me.

87.     As a result, the Plaintiff has suffered loss of wages, mental and emotional distress, attorney's fees and other such damages both as a result of the hostile environment she suffered and her wrongful constructive discharge.

88.     Plaintiff seeks an award against the Defendant for loss of wages, mental and emotional distress, attorney's fees, punitive damages and other such relief as may be awarded by the Court.

COUNT IV.
R.I.G.L. § 28-50-1

89.     The allegations made in the above paragraphs are hereby realleged and incorporated by reference.

90.     The Plaintiff repeatedly reported to the Defendant, via her supervisors that she was not being paid in accordance with various State, and Federal Laws.

91.     As a result of these complaints, the Plaintiff was subjected to a hostile environment, being both isolated from her fellow coworkers, but also increasingly paid less equitably to her fellow coworkers.

92.     As a result, the Plaintiff has suffered loss of wages, mental and emotional distress, attorney's fees and other such damages both as a result of the hostile environment she suffered and her wrongful constructive discharge.

93.     Plaintiff seeks an award against the Defendant for loss of wages, mental and emotional distress, attorney's fees, punitive damages and other such relief as may be awarded by the Court.

17

Case Number: KC-2020-0344
Filed in Kent County Superior Court
Submitted: 4/10/2020 11:29 AM
Envelope: 2555806
Reviewer: Lindsay Z.

1:20-cv-00259-JJM-LDA    Document 4    Filed 06/22/20    Page 68 of 68 PageID #: 111

WHEREFORE, Plaintiff respectfully demands judgment against the Defendant in an amount to be determined by this litigation, together with interest, attorney's fees, cost, punitive damages, and other relief this court deems just and fit.


Plaintiff,
By her attorney,


/s/ Sonja L. Deyoe
Sonja L. Deyoe, Esq. 6301
Law offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
(401) 354-7464 (fax)

18