UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANN MARIE MACCARONE,
    Plaintiff,

v.                                                                        C.A. No. 20-259-JJM-LDA

SIEMENS INDUSTRY, INC.,
    Defendant.

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief Judge, United States District Court.

Ann Marie Maccarone formerly worked at Siemens Industry, Inc. ("Siemens") as a union electrician. She brings a claim against her former employer for unpaid wages and sex discrimination under several state and federal causes of action. The Court GRANTS IN PART AND DENIES IN PART Siemens' Motion for Summary Judgment. ECF No. 21.

Siemens employed Ms. Maccarone as a journeyman wireman electrician beginning in May 2016. Her job duties primarily involved maintaining and repairing streetlights, i.e., converting them to light emitting diode streetlights. During her two-years of employment, Ms. Maccarone alleges that she was not paid for work performed or for overtime because Siemens' system for recording the time, mCompanion, did not work properly for her. She also alleges that she was mistreated due her gender. Ms. Maccarone resigned from her job in May 2018.

Ms. Maccarone sued in state court, which Siemens then removed to this Court based on federal question jurisdiction. Her Complaint contains five counts:

Count I:       Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA");
Count II:      Rhode Island Minimum Wage Act, R.I. Gen. Laws § 28-12-1 ("RIMWA") and the Rhode Island Payment of Wages Act, R.I. Gen. Laws § 28-14-1 ("RIPWA");
Count III:     Rhode Island Prevailing Wages Law, R.I. Gen. Laws § 37-13-17 ("RIPWL");
Count IV:      Rhode Island Civil Rights' Act for gender discrimination, R.I. Gen. Laws § 42-112-1 ("RICRA"); and
Count V:       Rhode Island Whistleblowers' Protection Act, R.I. Gen. Laws § 28-50-1 ("RIWPA").

Siemens moved for summary judgment on all counts, which the Court will address here in the order they appear in the complaint.

I.   **STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure controls in deciding whether a party is entitled to summary judgment. Fed. R. Civ. P. 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* More particularly,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When deciding whether the Court should grant summary judgment, the Court must "view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Barbour v. Dynamics Rsch. Corp.*, 63 F.3d 32, 36 (1st Cir. 1995) (citation omitted). As alluded to, there must first be no genuine issues of material fact. "[M]ere existence of *some* alleged factual dispute between the parties will not defeat an

2

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Thus, the issue must be genuine and material. *See id.* "In this context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party . . . '[M]aterial' means that the fact is one that might affect the outcome of the suit under the governing law." *Morris v. Gov't Dev. Bank of P.R.*, 27 F.3d 746, 748 (1st Cir. 1994) (internal quotation marks omitted) (citations omitted).

## II. DISCUSSION

### A. FAIR LABOR STANDARDS ACT (Count I)

#### 1. *Statute of Limitations*

Siemens seeks to limit the span of Ms. Maccarone's claims period because of the two-year statute of limitations for FLSA claims. That would mean that, because she filed suit on April 10, 2020, her claim period would run for six weeks from April 10, 2018 and end on May 27, 2018, the day she quit. Ms. Maccarone advocates that a three-year statute of limitations applies to FLSA claims where an employer "'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.'" *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988) (quoting *Brock v. Richland Shoe Co.*, 799 F.2d 80, 82 (1986)). By her calculation, she alleges she is owed back wages for a little more than a year—from April 10, 2017 until May 27, 2018.

3

Ms. Maccarone argues that there is sufficient evidence in the record that a jury could reasonably decide that Siemens acted willfully in failing to pay her the proper wage. Essentially, she asserts that she consistently complained that her time was not being recorded correctly in mCompanion and she could not get mCompanion to work for her, but Siemens did nothing in response. Siemens knew her time was not being recorded and that she was not being fully paid and, in choosing to ignore it, recklessly disregarded that violation. Siemens responds by claiming that the evidence does not show that it acted willfully, but that her pay irregularities stemmed from user error because Ms. Maccarone did not enter her time correctly into mCompanion.

Based on the record as it stands, there are disputed issues of fact as to Siemens' intent or state of mind during the time in question. "Where questions of fact are presented, statute of limitations defenses are ordinarily submitted to the jury." *Meléndez-Arroyo v. Cutler-Hammer de P.R. Co.*, 273 F.3d 30, 38 (1st Cir. 2001). It is unclear which version is factually correct so the Court will defer this factual dispute to the jury's determination.

### 2. Wage Claims

Next, Siemens argues that it is entitled to summary judgment on Ms. Maccarone's wage claims because there is no evidence in the record that Siemens owes her any additional compensation. Siemens urges the Court to discount and discard Ms. Maccarone's evidence and testimony about hours she worked for which Siemens did not pay her as inadmissible and self-serving, but they do raise disputes

4

about the material facts that she needs to prove her wage claims. These disputes are better decided by a jury who will listen to her testimony, along with whatever admissible evidence she may seek to introduce or use to refresh her recollection, to determine whether her testimony and supporting evidence is credible. Likewise, a jury could consider all the facts that Siemens claims discredits her records and find that Ms. Maccarone has not met her burden. Considering these disputes, the Court DENIES entering summary judgment on Ms. Maccarone's FLSA wage claims in Count I.

### B. STATE LAW WAGE CLAIMS (Counts II & III)

Ms. Maccarone brings two claims under three state laws alleging that Siemens did not properly pay her under the CBA. Siemens moves for summary judgment on these claims, arguing that they are preempted under Section 301 of the Labor Management Relations Act ("LMRA") because they require interpretation of the CBA to be resolved. Section 301 specifically allows "[s]uits for violation of contracts between an employer and a labor organization representing employees ...." 29 U.S.C. § 185(a). "In creating § 301 of the LMRA, Congress intended 'that a comprehensive, unified, body of federal law should govern actions concerning the interpretation and enforcement of collective bargaining agreements.'" *Fant v. New England Power Serv. Co.*, 239 F.3d 8, 14 (1st Cir. 2001) (quoting *The Developing Labor Law*, at 1698-99 (Patrick Hardin et al. eds., 3d ed. 1992) (1971)). Thus, § 301 preempts a state law claim when "'the asserted state law claim plausibly can be said to depend upon the meaning of one or more provisions within the collective bargaining agreement.'"

5

*Haggins v. Verizon New England, Inc.*, 648 F.3d 50, 54–55 (1st Cir. 2011) (quoting *Flibotte v. Pa. Truck Lines, Inc.*, 131 F.3d 21, 26 (1st Cir. 1997)).

A state law claim can "depend on the meaning" of a CBA if either (1) "'it alleges conduct that arguably constitutes a breach of duty that arises pursuant to a collective bargaining agreement,'" or (2) "'its resolution arguably hinges upon an interpretation of the collective bargaining agreement.'" *Id.* "In deference to the agreed-to remedies, courts ordinarily dismiss claims falling within such provisions—namely, those intertwined with interpretation and application of the CBA—so long as relief can be provided within the CBA process." *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 6 (1st Cir. 2012) (describing this process as preemption, deference, or exhaustion). However, if a "state law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988).

Ms. Maccarone's claims are rooted in her allegations that Siemens failed to pay her correct pay rate, failed to pay for all the hours she worked performing non-electrical work, and failed to pay her overtime for hours worked more than eight hours per day. Article 3 of the CBA specifically addresses all her wage claims. Sections 3.01 (a) & (b) of the CBA defines and discusses the parameters of overtime pay, employee shifts, and workday and work week schedules that would dictate Ms. Maccarone's pay. *See* ECF No. 22-7 at 9. And Section 3.12 (b) outlines an alternate "prevailing practice" governing overtime pay as contemplated by the RIPWL § 37-13-10. *Id.* at 13. The resolution of her state statutory claims based on

6

allegations that Siemens failed to pay her correct pay rate, failed to pay for all the hours she worked performing non-electrical work, and failed to pay her overtime for hours worked in excess of eight hours per day are dependent on an interpretation of the CBAs' terms and on the contractual labor relationship between Ms. Maccarone and Siemens. *Cavallaro*, 678 F.3d at 8 (whether wages are owed implicated "peculiarities of industry-specific wage and benefit structures" found in the CBA so required interpretation); *Rose v. RTN Fed. Credit Union*, 1 F.4th 56, 63 (1st Cir. 2021) (overtime); *Adames v. Exec. Airlines, Inc.*, 258 F.3d 7, 14-15 (1st Cir. 2001) (overtime); *Hamilton v. Partners Healthcare Sys.*, 209 F. Supp. 3d 397, 410 (D. Mass. 2016) (underpayment of wages and overtime). Therefore, because the Court would have to interpret the terms of the CBA to resolve her RIPWL, RIPWA, RIMWA claims, it finds that Ms. Maccarone's state law claims against Siemens are preempted under § 301 and dismisses Counts II and III.

### C. RICRA CLAIM FOR GENDER DISCRIMINATION (Count IV)

"The Rhode Island Civil Rights Act provides broad protection against all forms of discrimination in all phases of employment." *Ward v. City of Pawtucket Police Dep't*, 639 A.2d 1379, 1381 (R.I. 1994). In a gender-based disparate treatment claim based on the three-step *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973) burden-shifting framework, Ms. Maccarone must first set forth a prima facie case. She must prove that she is a member of a protected class, she was satisfactorily performing her job, she suffered an adverse employment action and her employer tried to replace her with a comparable individual. *Smith v. Stratus Comput., Inc.*, 40 F.3d 11, 15 (1st Cir. 1994); *DeCamp v. Dollar Tree Stores, Inc.*, 875 A.2d 13, 21 (R.I.

7

2005). Presuming she meets the low bar of proving a prima facie case, the burden then shifts to Siemens to put forth a nondiscriminatory reason for their actions. *Soto–Feliciano v. Villa Cofresi Hotels, Inc.*, 779 F.3d 19, 23 (1st Cir. 2015) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)). Siemens has done that so then Ms. Maccarone must show that the stated reason is pretext for gender discrimination. She may try to show "that others similarly situated to h[er] in all relevant respects were treated differently by the employer." *Kosereis v. Rhode Island*, 331 F.3d 207, 214 (1st Cir. 2003) (quoting *Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, 20 (1st Cir. 1999)).

"'Reasonableness is the touchstone' when considering comparators in a disparate treatment case; that is, 'while the plaintiff's case and the comparison cases that [s]he advances need not be perfect replicas, they must closely resemble one another in respect to relevant facts and circumstances.'" *Ray v. Ropes & Gray LLP*, 799 F.3d 99, 114 (1st Cir. 2015) (quoting *Conward*, 171 F.3d at 20). The Court asks whether "a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 19 (1st Cir. 1989), *overruled on other grounds by Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 64 (1st Cir. 2004).

To support her claim of gender discrimination, Ms. Maccarone submits these facts:

> 33. Plaintiff knows of one man who entered the time into his time sheet portion of mCompanion and was paid where she wasn't.
>
> *****
>
> 36. Plaintiff testified that she was the only person with a pay problem that was not addressed and the only one give[n] more work than anybody else.
>
> 37. To Plaintiff's knowledge, men either did conversion or outage work, not both, but she had to do both.
>
> 38. Plaintiff was told that she was the only person doing outage work by Defendant's employee Alexis on numerous occasions.
>
> 39. When men made complaints about not getting correct state taxes taken out of their check, it was fixed.
>
> *****
>
> 41. Plaintiff worked by herself. Plaintiff did the inventory of the warehouse, the unloading of the trucks, and pick-ups of items at FedEx and men didn't.
>
> 42. Plaintiff did the work for Siemen's [sic] in the entire state of Rhode Island and did not get help.

ECF No. 27 at 4-5. Each of these facts is supported solely by Ms. Maccarone's own deposition testimony. ECF No. 27-1. There is no evidence in the record on which a jury could reasonably conclude that the unidentified men Ms. Maccarone speaks of in her deposition are appropriate comparators in any respect. There is no evidence

9

before the Court upon which a jury could reasonably determine that any of those incidents cited by Ms. Maccarone are roughly equivalent.

Ms. Maccarone also alleged that the Siemens' work environment was hostile such that she felt discriminated against due to her gender. "[D]iscriminatory conduct [that is] so severe or pervasive that it created a work environment abusive to employees because of their race, gender, religion, or national origin offends Title VII's broad rule of workplace equality." *O'Rourke v. City of Providence*, 235 F.3d 713, 728 (1st Cir. 2001) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993)). To succeed in a hostile work environment claim, Ms. Maccarone must prove: "(1) that she (or he) is a member of a protected class; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established." *O'Rourke*, 235 F.3d at 728.

Upon reviewing the entire summary judgment record, the Court does not find any evidence sufficient to establish a claim of hostile work environment. There is no evidence upon which a reasonable jury could find that Ms. Maccarone faced unwelcome sexual harassment or that the harassment was severe or pervasive enough to alter the conditions of her employment and created an abusive work

10

environment. Ms. Maccarone's claim under RICRA for discrimination based on gender fails for lack of proof; the Court DISMISSES Count IV.

### D. RIWPA CLAIM (Count V)

Finally, Siemens moves for summary judgment on Ms. Maccarone's RIWPA claim. R.I. Gen. Laws § 28-50-1. Ms. Maccarone asserts that she repeatedly complained to Siemens employees about its failure to pay her correctly. To make out a prima facie case under the RIWPA, Ms. Maccarone must demonstrate that (1) she engaged in protected whistleblowing conduct as defined by that statute; (2) she suffered an adverse employment action at the time or later; and (3) the adverse action was causally related to the protected conduct. R.I. Gen. Laws § 28-50-1 et seq.

Ms. Maccarone has not produced evidence of either an adverse employment action or for causation as the statute requires. She voluntarily resigned and despite blaming her resignation on Siemens' failure to pay her, a voluntary resignation has not been found to be tantamount to an adverse employment action and thus cannot support a RIWPA claim. *See Cohen v. FGX Int'l Inc.*, No. 18-380 WES, 2019 WL 2526728, at *7 (D.R.I. June 17, 2019). Alternatively, Ms. Maccarone states that the adverse employment action was Siemens not paying her what she was legally owed. But that is not an adverse employment action under the RIWPA either—it is the action giving rise to this complaint. And even if that were considered an adverse employment action, nothing in the record suggests that Siemens took any adverse employment action (like refusing to pay her wages she was owed) because she complained to Siemens employees about wages that she was legally owed. The Court

11

finds that Siemens is entitled to summary judgment on Ms. Maccarone's RIWPA claim. Count V is DISMISSED.

### III. CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Siemens' Motion for Summary Judgment. ECF No. 21. Counts II, III, IV, and V are dismissed; Count I remains.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

December 15, 2023