UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ANN MARIE MACCARONE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 20-cv-259-JJM-LDA |
| SIEMENS INDUSTRY, INC., | : | |
| Defendant. | : | |

**DEFENDANT SIEMENS INDUSTRY, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendant Siemens Industry, Inc. ("Defendant") hereby moves this Court to enforce the settlement agreement between Defendant and Plaintiff Ann Marie Maccarone ("Plaintiff"). After a settlement conference during which both parties mutually agreed to all material terms of settlement, Plaintiff's counsel was provided with the draft settlement agreement on April 9, 2024. Plaintiff has yet to execute the document and has provided no valid reason for her failure to do so to date. As a result, Defendant asks this Court to enter an order enforcing the settlement agreement in the form attached as *Exhibit A*.[1]

I.  **Factual Background**

On March 6, 2024, Plaintiff's counsel (Sonja Deyoe), Plaintiff, Defendant's Counsel (Jillian Folger-Hartwell)[2], and Defendant's representative, Pamela Brickner, attended a settlement conference with Hon. Patricia A. Sullivan (the "Conference"). During the Conference, the parties reached a settlement agreement, whereby Defendant would pay Plaintiff the sum of

---

[1] While the parties agreed to a general release as a material term during the March 6, 2024, settlement conference, waiver of age claims was not specifically discussed as a material term to the agreement, and thus Defendant is waiving its request for such a release. As such, a waiver of age claims is not included in Exhibit A.
[2] In addition, Dimitrios Markos is entered as counsel for Defendant in this case. Mr. Markos handled much of the correspondence as described below.

$84,000.00 in full and final settlement of her claims. In return, Plaintiff agreed to dismiss her suit and sign a settlement agreement memorializing the terms reached during the Conference. Further, the parties orally agreed to some additional terms that were to be included in the agreement, including but not limited to, terms regarding the timeframe by which Plaintiff would be paid, no-rehire/no-reapplication provisions, relevant non-defamation and confidentiality terms, and the requested allocation of the settlement payment. This agreement was mutually manifested—on the record—in the presence of Judge Sullivan.

On April 9, 2024, Defendant's counsel transmitted a draft settlement agreement to Plaintiff's counsel. On April 10, 2024, Defendant's counsel indicated to this Court, via email copying Plaintiff's counsel, that the parties had reached agreement on the material terms of a settlement and would soon be filing a motion for approval of that agreement. Between April 9 and April 29, 2024, the parties exchanged email correspondence concerning the precise settlement language. A draft motion to seal and motion to approve settlement agreement were sent to Plaintiff's counsel on May 6, 2024. *See* Emails to S. Deyoe, dated May 20, 2024 and May 14, 2024, attached as *Exhibit B*. On May 14 and May 20, 2024, Defendant's counsel followed up about the status. *Id.*

On May 20, 2024, Judge Sullivan's clerk requested an update regarding the forthcoming stipulation of dismissal. *See Exhibit B*. On May 21, 2024, Plaintiff's counsel informed the Court that Plaintiff was refusing to sign the agreement and was requesting to meet with Judge Sullivan. *See* Email from S. Deyoe to J. McKittrick, J. Folger-Hartwell, and D. Markos, dated 5/21/24, attached as *Exhibit C*. After receiving a request from the Court for more information, Plaintiff's counsel sent another email stating that her client felt "as if she was pressured to agree to settle . . . and that the Defendant [was] getting away with what they did to her." *See id*. Judge

2

Sullivan's clerk reminded Plaintiff's counsel that, per the Court's recording made at the Conference, "Ms. Maccarone was present when her attorney assented to the settlement terms," and advised Plaintiff of "her duty to participate in court-annexed mediation in good faith." *See id*.

After Judge Sullivan's clerk scheduled a conference per Plaintiff's request, Plaintiff's counsel informed the Court that Plaintiff was interested in a conference with Chief Judge John J. McConnell, Jr. *See id*. On May 30, 2024, Ryan Jackson, Judge McConnell's Senior Case Manager, informed both parties that he was "not sure what more [he could] address other than to emphasize that the Court would entertain a motion to enforce the settlement if either party was to file such." *See* Email from R. Jackson to S. Deyoe and J. Folger-Hartwell, attached as *Exhibit D*. Counsel for both parties spoke on May 30, 2024, during which Plaintiff's counsel reiterated that Plaintiff was refusing to sign the agreement and that she had essentially changed her mind after the Conference. Since then, Plaintiff has yet to return the signed settlement agreement.

**II.     Discussion**

It is well settled that, "[s]ettlement agreements enjoy great favor with courts 'as a preferred alternative to costly, time-consuming litigation.'" *Paige v. R.I. Pub. Transit Auth.*, No. CV 18-347 JJM, 2021 WL 2349749, *6 (D.R.I. June 9, 2021) (quoting *Fidelity & Guar. Ins. Co. v. Star Equip. Corp.*, 541 F.3d 1, 5 (1st Cir. 2008)). "The solemnity with which the federal courts approach settlement agreements cannot be overstated." *Abdullah v. Evolve Bank & Tr.*, No. CA 14-141 S, 2015 WL 4603229 (D.R.I. July 29, 2015) (quoting *Silicon Image, Inc. v. Genesis Microchip, Inc.*, 271 F. Supp. 2d 840, 846 (E.D. Va. 2003)). Further, "[a]s a general matter, oral settlement agreements are enforceable as long as the parties have mutually assented to all of their material terms." *Commw. School, Inc. v. Commw. Acad. Holdings LLC*, 994 F.3d 77, 86 (1st

3

Cir. 2021) (citing *Quint v. A.E. Staley Mfg. Co.*, 246 F.3d 11, 15 (1st Cir. 2001)). Where such a settlement fails prior to the initial lawsuit being dismissed, the party seeking to enforce the agreement may file a motion to enforce in the still-pending case. *See Paige*, 2021 WL 2349749 at *6 (citing *U.S. v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)).

Where a motion to enforce is brought in a federal court case arising under federal law, "[s]uch a motion is determined in accordance with federal law, although federal courts are normally 'free to borrow from state law,' absent any conflict." *Paige*, 2021 WL 2349749 at *5 (quoting *Commw. School*, 994 F.3d at 85). "In Rhode Island, settlement agreements are governed by 'general contract law principles.'" *Paige*, 2021 WL 2349749 at *6 (quoting *Friedrich v. S. Cty. Hosp. Healthcare Sys.*, C.A. No. 14-353 S, 2017 WL 57786, at *1 (D. R.I. Jan. 5, 2017)). With respect to settlement agreements made in the presence of the court, "the existence of a writing," is not required, but the court will enforce the agreement where the parties "possess and manifest an objective intent to be bound by it." *Mendes v. Kirshenbaum & Kirshenbaum Attorneys at L., Inc.*, 309 A.3d 1176, 1180 (R.I. 2024) (citing *O'Donnell v. O'Donnell*, 79 A.3d 815, 820-822 (R.I. 2013)). Indeed, Rhode Island does not "permit litigants to avoid their agreed-upon obligations solely because a party decides that the agreement no longer serves as the ideal resolution of their dispute." *Id*. (citing *Ballard v. SVF Found.*, 181 A.3d 27, 40 (R.I. 2018)). Instead, where a settlement conference concludes in the parties' oral agreement to settle—as is the case here—such an agreement is enforceable. *See Advanced Voice Commc'ns, Inc. v. Gain*, C.A. No. 09-56ML, 2010 U.S. Dist. LEXIS 17167, at *14-17 (D.R.I. Feb. 25, 2010) (enforcing oral agreement reached during settlement conference).

Even where a party refuses to sign the document which evinces the terms of an oral agreement, such a refusal does not form a basis to deny enforcement. *See Roman-Oliveras v.*

4

*P.R. Electric Power Auth.*, 797 F.3d 83, 87 (1st Cir. 2015) (oral settlement agreement reached in judge's chambers enforceable); *Harmon v. Journal Publ. Co.*, 476 Fed. Appx. 756, 757 (5th Cir. 2012) (settlements are not required to be reduced to writing and oral settlement agreements are enforceable ); *Abdullah,* 2015 U.S. Dist. LEXIS 100484, at *20 ("an oral agreement to settle is enforceable in a case pending in federal court"); *Stephan v. Maloof*, 274 Cal. App. 2d 843, 848 (1969) (mere fact that a formal written agreement to the same effect is not yet signed [or even prepared] does not alter the binding nature of an oral agreement); *Clarke v. Fiedler*, 44 Cal. App. 2d 838, 846-847 (1941) (formal written contract is not the agreement of the parties, but only evidence of that agreement).

Here, the parties entered into a valid and binding settlement agreement during the Conference on March 6, 2024. Judge Sullivan met with both parties, together and separately, and worked to exchange offers and subsequent counteroffers between them. At the end of the Conference, the material terms of the settlement were clear, including the amount Defendant was to pay, a general release, and miscellaneous provisions, including but not limited to confidentiality and re-hire/no-reapplication provisions. Not only did Judge Sullivan work with both parties to formulate the relevant terms, but Judge Sullivan was present when Plaintiff's counsel assented to the terms of the settlement agreement on the record. *See Commw. School, Inc*, 994 F.3d at 86 (citing *Quint*, 246 F.3d at 15) (noting, as a general matter, oral settlement agreements enforceable where parties have mutually assented to material terms); *Advanced Voice Commc'ns*, 2010 U.S. Dist. LEXIS 171167, at *17 (finding oral agreement to settle reached during settlement conference valid and enforceable). Here, the record is clear that both parties mutually assented to all of the settlement agreement's material terms, entitling Defendant to enforcement of the same. *See id*.

### III.     Conclusion

Accordingly, Plaintiff agreed to settle this matter for substantial and valuable consideration. For the foregoing reasons, this Court should require Plaintiff to uphold the Agreement and enforce its terms.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SIEMENS INDUSTRY, INC., |
|  | By its attorneys, |
|  | /s/Jillian S. Folger-Hartwell<br>Jillian S. Folger-Hartwell (#6970)<br>Dimitrios T. Markos (#10396)<br>LITTLER MENDELSON, P.C.<br>One Financial Plaza, Suite 2205<br>Providence, RI  02903<br>(401) 824-2500 Phone<br>(401) 454-2969 Fax |
| Dated: July 16, 2024 | jfolgerhartwell@littler.com<br>dmarkos@littler.com |

## CERTIFICATE OF SERVICE

  I hereby certify that a true and accurate copy of the within document was filed and served electronically by operation of the Court's CM/ECF System upon the following counsel of record on this 16th day of July 2024:

Sonja L. Deyoe, Esq.
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
SLD@the-straight-shooter.com

                /s/*Jillian S. Folger-Hartwell*
                Jillian S. Folger-Hartwell