# Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and between Siemens Industry Inc. on behalf of itself, its present or former officers, directors, subsidiaries, parents, affiliates, partners, employees, agents, insurers, attorneys, accountants, executors, administrators, successors and assigns and all affiliated entities (collectively "Siemens") and Ann Marie Maccarone on behalf of herself, her representatives, agents, estates, heirs, successors and assigns (collectively "Maccarone") (Siemens and Maccarone will sometimes collectively be referred to as the "Parties") to resolve their differences, including Maccarone claims against Siemens, for good and valuable consideration.

Maccarone and Siemens desire to settle fully and finally all differences between them including, without implication or limitation, the claims and allegations set forth set forth in the case captioned <u>Ann Marie Maccarone v. Siemens Industry Inc.</u>, C.A. No. 20-cv-00259-JJM-LDA, pending in the United States District Court for the District of Rhode Island (the "Lawsuit").

In consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to the following terms and conditions:

1. **Payment for Release of FLSA Claims and Dismissal of Lawsuit.**

In consideration of the dismissal of the Lawsuit that asserts wage and hour claims under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), amongst other claims, and all the releases, promises and representations made by Maccarone in this Agreement, the Company will provide consideration to Maccarone in the gross amount of **EIGHTY-FOUR THOUSAND DOLLARS AND ZERO CENTS ($84,000.00)** which is inclusive of all costs, fees, attorneys' fees, and other claims for payment or reimbursement made in connection with the FLSA counts in

the Lawsuit by Maccarone, which said amount shall be paid and apportioned as follows:

(a) a payment in the amount of Forty Thousand Four Hundred Fifty Four Dollars and Sixty-Seven cents ($40,454.67) subject to applicable deductions and withholdings, payable to Maccarone for wages owed and for which an IRS Form W-2 will be issued to Maccarone;

(b) a payment in the amount of Thirteen Thousand Four Hundred Eighty Four Dollars and Eighty-Seven Cents ($13,484.87), payable to Maccarone for emotional distress damages for which an IRS Form 1099 will be issued to Maccarone;

(c) a payment in the amount of Thirty Thousand Sixty Dollars and Forty Six Cents ($30,060.46) payable to "Attorney Sonja L. Deyoe as attorney for Ann Marie Maccarone," for counsel fees and costs and for which an IRS Form 1099 shall be issued to The Law Offices of Sonja Deyoe, P.C. and Maccarone.

2. **Terms of Payment.**

(a) Siemens will deliver all payments set forth in Paragraph 1 to Maccarone's attorney, Sonja Deyoe, Esq., The Law Offices of Sonja Deyoe, P.C., 395 Smith Street Providence, RI 02908 within thirty (30) calendar days from the date upon which Siemens' counsel has received two (2) originals of this Agreement executed by Maccarone, a fully executed Form W-4 from Maccarone, a fully executed Form W-9 from Maccarone, and a fully executed W-9 from the The Law Offices of Sonja Deyoe, P.C.  The above signed Agreement and tax forms shall be sent via email to counsel for Siemens, Jillian Folger-Hartwell at jfolgerhartwell@littler.com, and electronic receipt shall suffice to begin the running of the 30-day payment period above.  The original signed Agreements and original tax forms will be sent via regular mail to counsel for Siemens, Jillian S. Folger-Hartwell, Littler Mendelson, P.C., One Financial Plaza, Providence, RI 02903.

4883-4350-9201.1 / 067219-1083

(b) Maccarone acknowledges and agrees that the above-referenced payments represent valuable consideration that Siemens claims it is not otherwise obligated to provide her.

(c) Maccarone acknowledges and agrees that Siemens makes no representation of any kind as to the income or other tax consequences of the payment and further acknowledges and agrees that she is solely responsible for all of her tax obligations, if any, including but not limited to all reporting and payment obligations, which may arise as a consequence of this settlement. Maccarone hereby agrees to indemnify and hold Siemens harmless from and against any and all loss, cost, expense (including attorneys' fees), interest, payments or penalties incurred by Siemens on account of Maccarone's failure to pay tax properly payable by her. Maccarone understands and agrees that Siemens has no duty to defend any claim or assertion in connection with Maccarone's tax treatment of the proceeds of this payment, and Maccarone agrees to assume full responsibility for defending against any such claim or assertion. No claim has been made by Maccarone that she suffered sexual harassment or sexual abuse such as those are defined by Internal Revenue Code Section 162 (q).

3. **Release of Claims.**

(a) In exchange for and in consideration of the payment received pursuant to this Agreement, Maccarone agrees to release Siemens, its present and former direct and indirect parent companies, direct and indirect subsidiaries, partners, insurers, successors and assigns, their present and former employees, officers, directors, shareholders, agents, attorneys and representatives (the "Releasees") from each and every claim or demand of every kind arising up to the date Maccarone signs this Agreement, including but not limited to those claims made by Maccarone in the Lawsuit. This includes a release of any rights or claims for any and all types of relief, including but not limited to back pay, front pay, pension benefits, compensatory and punitive damages, actual damages, attorneys' fees and costs, and equitable orders, which Maccarone may have in any tort

or contract action, any equitable action, any declaratory judgment action, any statutory action, including but not limited to, any action under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*; the Rhode Island Whistleblowers' Protection Act; Title VII of the Civil Rights Act of 1964; the Rhode Island Fair Employment Practices Act; the Equal Pay Act; the Rhode Island Minimum Wage Act, R.I. Gen. Laws §§28-12-1 *et seq.*; the Americans with Disabilities Act of 1990; the Family Medical Leave Act; the Rhode Island Parental and Family Medical Leave Act; the Rhode Island Civil Rights Act; the Civil Rights of Individuals with Disabilities Act; the Rhode Island Personnel Files Act, the Rhode Island Healthy and Safe Families and Workplaces Act; the Employee Retirement Income Security Act; and/or any other federal, state or local laws or regulations, whether or not included in the above non-exhaustive list. Maccarone also releases the Releasees from any claim for defamation, libel, slander, constructive or wrongful discharge, unjust enrichment, any claim for *quantum meruit*, any claim that the Releasees dealt with her unfairly, breached any agreement or contract, or any other claims whether arising under statutory or common law. This release covers claims that Maccarone knows about, and those that she may not know about, up through the date of this Release.

(b) Maccarone agrees to release and discharge the Releasees not only from any and all claims which Maccarone could make on her own behalf, but she also specifically waives any right to become, and promises not to become, a member of any class in any proceeding or case in which a claim or claims against the Releasees may arise, in whole or in part, from any event which occurred as of the date of this Agreement. The Parties agree that if Maccarone, by no action of her own, becomes a mandatory member of any class from which Maccarone cannot, by operation of law or order of court, opt out, she will not be required to pay for any legal fees or costs incurred by the Releasees as a result.

(c)     Despite any language herein to the contrary, Maccarone does not release claims that by law cannot be released by private agreement. For example, this Agreement does not release claims for unemployment insurance or workers' compensation benefits.

(d)     Except to enforce the provisions of this Agreement, should Maccarone bring any claim, action, or suit on any matter covered by the releases set forth in this Paragraph 3, against the Releasees, this Agreement may be asserted as a complete defense, and if the Releasees, collectively or individually, prevail, Maccarone shall be responsible for paying the attorneys' fees and costs that the prevailing Releasee(s) incurs in opposing such claim, in addition to any other relief to which the Releasee(s) may be entitled.

(e)     Nothing in this Agreement, including but not limited to the release of claims, confidentiality, cooperation, and non-disparagement provisions, prevents Maccarone from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission ("EEOC"), National Labor Relations Board ("NLRB"), or any other federal, state or local agency charged with the enforcement of any laws. By signing this Agreement, however, Maccarone is waiving rights to individual relief based on claims asserted in such a charge or complaint, except where such a waiver of individual relief is prohibited. With respect to any claim that cannot be released by private agreement, Maccarone agrees to release and waive her right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Maccarone's behalf, either individually or as part of a collective action, by any governmental agency or other third party. Notwithstanding the foregoing, this Agreement does not prohibit or bar Maccarone from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any governmental agency.

4.     **Dismissal of Lawsuit**. Maccarone agrees and understands that simultaneously

4883-4350-9201.1 / 067219-1083

with her execution of this Agreement she gives her written consent for Siemens' counsel to file a stipulation of dismissal, with prejudice, in the form attached as <u>Exhibit A</u>, with the United States District Court for the District of Rhode Island. Counsel for Siemens will file the stipulation upon payment of the amounts set forth in Paragraph 1.

5. **No Admission of Liability.** This Agreement shall not in any way be construed as an admission by Siemens that it acted wrongfully or failed to act lawfully with respect to Maccarone, or any other person, or that Maccarone has any rights whatsoever against Siemens. Siemens specifically disclaims any liability for any wrongful acts or omissions against Maccarone or any other person, on the part of itself, its employees, officers, directors and agents, past and present. Neither this Agreement nor anything in it shall be admissible in any proceeding as evidence of any unlawful or wrongful conduct by Siemens.

6. **No Assignment**. The Parties represent and warrant that no person other than the Parties had or have any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

7. **No Additional Payments.**

(a) Maccarone agrees and avers that she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled, that she has suffered no known workplace injuries prior to the date of Maccarone's execution of this Agreement. Maccarone agrees and avers that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due to her, except as provided in Paragraph 1.

4883-4350-9201.1 / 067219-1083

(b) In entering into this Agreement, the Parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, Maccarone has declared that her claim does not involve any illness, injury, incident, or accident in which medical expenses were incurred or are expected to be incurred in which Medicare has or may have an interest. Further, Maccarone affirms no conditional payments have been made to her by Medicare. If Medicare (or an agency representing Medicare's interests) later determines that it does have an interest in the payments made pursuant to the Agreement, Maccarone will indemnify the Releasees for any payments and/or penalties they submit to Medicare (or the agency collecting on behalf of Medicare) as a result of the payments under this Agreement.

8. **Confidentiality.**

(a) To the extent permitted by law, Maccarone shall keep the financial terms and existence of this Agreement **STRICTLY AND COMPLETELY CONFIDENTIAL**. Other than as permitted in Paragraph 3(e) above, Maccarone agrees that she shall not disclose, divulge or publish, directly or indirectly, any information regarding the amount of the consideration set forth in Paragraph 1 to any person or organization other than (i) immediate family, (ii) accountants or attorneys when such disclosure is necessary for the accountants or attorneys to render professional services, (iii) to the taxing authorities, (iv) the unemployment compensation agency; or (v) when otherwise compelled by law. The terms of this paragraph include, but are not limited to, disclosures made to the media, present and former officers, employees, agents, and representatives of Siemens, and other members of the public.

(b) This Paragraph 8 shall not prohibit Maccarone from (i) disclosing the existence and terms of this Agreement as required by court order, (ii) disclosing the existence and terms of this Agreement to her professional legal and tax advisors as Maccarone may from time to time engage, (iii), disclosing the existence and terms of this Agreement to government officials or judicial

7

officers when assisting in any investigation instituted by the EEOC, NLRB, any state fair employment practices agency, or other state or federal agency or entity, or (iv) disclosing the existence and terms of this Agreement for income or tax-reporting purposes in the event Maccarone is professionally advised to do so.  To the extent Maccarone does disclose the existence or terms of this Agreement to persons identified in this Paragraph 8(b), Maccarone shall advise said persons that they must not disclose the existence and terms of this Agreement, and she shall be responsible for any breach of this Paragraph 8 by those to whom she has made such disclosure.  Further, Maccarone represents that she has not disclosed the fact of, or the terms of, this Agreement and receipt of the payment described in Paragraph 1 to anyone other than her attorney and/or professional legal and tax advisors, at any time prior to execution of this Agreement.

(c)     Maccarone further agrees and represents that each and every violation by her of this Paragraph 8, if established by Siemens, shall constitute a **MATERIAL BREACH** of this Agreement, and that Siemens will be entitled to injunctive and equitable relief to prevent, prohibit, or compensate it for violations of this Paragraph 8.  In the event of a breach of this Paragraph 8, the non-breaching party shall be entitled to reasonable attorneys' fees incurred in the prosecution of any civil action or other legal proceedings arising from the breach of these provisions.  If it is determined that the agreement was not breached, as a result of the prosecution of any civil action or legal proceedings against Maccarone and she employs legal counsel to defend against said claims, Maccarone will be entitled to recover the reasonable attorney's fees incurred for her defense from the allegation that she breached the agreement.

(d)     Maccarone understands that the confidentiality restrictions of this Paragraph 8 extend to and expressly prohibit disclosure through social media, including, but not limited to,

blogs, virtual worlds, social or professional networking websites, and/or video sharing websites ("Social Media").

(e) In the event that any third party seeks to compel disclosure of this Agreement by service of a subpoena or otherwise, Maccarone agrees to promptly notify Siemens and to cooperate fully with Siemens in opposing such a challenge, and otherwise to take such reasonable steps to enforce this Paragraph 8 as Siemens requests. Maccarone shall provide notice of this a third-party request to:

> Yunex Traffic
> Legal and Compliance
> ATTENTION: Pamela Brickner, Esq.
> 9225 Bee Cave Road
> Building B, Suite 201
> Austin, TX 78733

9. **Non-defamation.** Maccarone agrees not to defame Siemens, its products or its services. A defamatory statement is any communication, oral or written, that is knowingly false and would cause or tend to cause humiliation or embarrassment or cause a recipient to question the business condition, integrity, product and service, quality, confidence or good character of the Company. Nothing in this paragraph shall limit Maccarone's rights as set forth in Paragraph 3(e) of this Agreement, including but not limited to Maccarone's rights under Section 7 of the NLRA to engage in protected, concerted activity.

10. **No Future Employment.** Maccarone agrees she will not reapply for employment with Siemens, or with any entity that is now or in the future owned, controlled, or acquired by, Siemens. Maccarone further agrees that if she reapplies or applies for employment with Siemens, or any entity described above, her application may be denied on the basis of this Agreement.

11. **Neutral Reference**. Maccarone will direct any prospective employers to contact hr.yunextraffic.us@yunextraffic.com. If the prospective employer contacts this email address, the

9

prospective employer should be able to verify Maccarone's dates of service, and job title. Information regarding eligibility for rehire will not be provided. The Company will exercise good faith efforts to provide only this information but, due to the size and number of employees at the Company, and due to the confidential nature of this settlement, the Company is not responsible for statements made by Company personnel if prospective employers contact anyone at the Company individually instead of hr.yunextraffic.us@yunextraffic.com.

12. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of both Parties.

13. **Governing Law.** This Agreement will be governed by and performed in accordance with the laws of the State of Rhode Island without regard to its conflict of laws provision.

14. **Suits to Enforce.** In any lawsuit brought to enforce the terms of this Agreement, the prevailing party shall also be entitled to recover from the other party court costs and reasonable attorneys' fees.

15. **Severability.** Should any provision of this Agreement, with the exception of the Releases embodied in Paragraph 3, be declared or determined by any court or other tribunal of appropriate jurisdiction to be invalid or unenforceable, any such invalid or unenforceable provision shall be deemed stricken and severed from this Agreement and any and all of the other terms of the Agreement shall remain in full force and effect to the fullest extent permitted by law. The Releases embodied in Paragraph 3 are the essence of this Agreement and should any release be deemed invalid or unenforceable, this Agreement may be declared null and void and any consideration Maccarone received under this Agreement shall be immediately returned to Siemens.

4883-4350-9201.1 / 067219-1083

16. **Entire Agreement.** This Agreement is the entire agreement between Maccarone and Siemens and any other prior agreements between them are hereby terminated and shall have no further force or effect. This Agreement may be amended only by a document executed by both Parties. Siemens has made no promises to Maccarone other than those set forth in this Agreement.

17. **Captions.** The paragraph captions in this Agreement are for convenience only and shall neither affect the meaning of the provisions of this Agreement, nor be used in construing this Agreement.

18. **Acknowledgement of Voluntariness and Understanding.** Maccarone represents and agrees that she has been advised to and has had the opportunity to thoroughly discuss all aspects of this Agreement with an attorney, that she has carefully read and fully understands all of the provisions of this Agreement, that she is voluntarily entering into this Agreement, and that she does not and has not relied in any way on any representations or statements of Siemens or its attorneys not contained in this Agreement.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____
Ann Marie Maccarone

Date: _____

Siemens Industry Inc.

By:

_____
       Pamela Brickner Esq.
Title: Counsel

Date: _____

11

# EXHIBIT A

4883-4350-9201.1 / 067219-1083

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANN MARIE MACCARONE II,  )<br>   )<br>   PLAINTIFF,   )<br>   )<br>v.   )<br>   )<br>SIEMENS INDUSTRY INC.,   )<br>   )<br>   DEFENDANT.   )<br>   )<br>   ) | Civil Action No.   20-cv-00259-JJM-LDA |

**STIPULATION OF DISMISSAL**

Plaintiff Ann Marie Maccarone and Defendant Siemens Industry Inc., by their respective undersigned counsel, stipulate and agree that the above-referenced case is hereby dismissed, with prejudice.  Each party shall bear its own costs and attorneys' fees.

ANN MARIE MACCARONE,                           SIEMENS INDUSTRY INC.,

By her attorneys,                                             By its attorneys,

/s/ Sonja L. Deyoe                                              /s/ Jillian S. Folger-Hartwell
Sonja L. Deyoe (#6301)                                    Jillian S. Folger-Hartwell (#6970)
Law offices of Sonja L. Deyoe                        Dimitrios T. Markos (#10396)
395 Smith Street                                                Littler Mendelson, P.C.
Providence, RI 02908                                        One Financial Plaza, Suite 2205
(401) 864-5877                                                    Providence, RI 02903
SLD@the-straight-shooter.com                    (401) 824-2500
                                                                               (401) 454-2969 (Fax)
                                                                               jfolgerhartwell@littler.com
                                                                               dmarkos@littler.com

13

4883-4350-9201.1 / 067219-1083

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the within Stipulation of Dismissal was filed and served via email and electronically by operation of the Court's CM/ECF System upon the following counsel of record on this _____ day of _____, 2024:

Sonja L. Deyoe, Esq.
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
SLD@the-straight-shooter.com

                                                /s/ Jillian S. Folger-Hartwell
                                                Jillian S. Folger-Hartwell

4883-4350-9201.1 / 067219-1083