UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ANN MARIE MACCARONE,<br>    Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | C.A. No. 20-cv-259-JJM-LDA |
| SIEMENS INDUSTRY, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>) |  |

## ORDER

Plaintiff Ann Marie Maccarone's Complaint alleged state and federal wage and hour law violations by her employer, Defendant Siemens Industry, Inc. After three years of pretrial activity, and after receiving a jury trial notice from the Court (ECF No. 33), a Magistrate Judge conducted a settlement conference, with both parties and their attorneys. The Magistrate Judge reported to the Court that the case had settled, so the Court canceled the jury selection and empanelment. *See* Docket Entry dated Apr. 11, 2024. Siemens prepared the Settlement Agreement and Release and the Stipulation of Dismissal. ECF No. 39-1. Ms. Maccarone refused to sign any of the documents and now claims there was no binding settlement. Siemens filed a Motion to Enforce Settlement Agreement. ECF No. 38. Ms. Maccarone objects. ECF No. 41.

"Settlement agreements enjoy great favor with the courts 'as a preferred alternative to costly, time-consuming litigation.' Thus, a party to a settlement agreement may seek to enforce the agreement's terms when the other party refuses to comply." *Fidelity & Guar. Ins. v. Star Equip. Corp.*, 541 F.3d 1, 5 (1st Cir. 2008)

(citations omitted). Courts must enforce a settlement agreement where the parties "possess and manifest an objective intent to be bound by it." *Mendes v. Kirshenbaum & Kirshenbaum Attorneys at Law, Inc.*, 309 A.3d 1176, 1180 (R.I. 2024) (citing *O'Donnell v. O'Donnell*, 79 A.3d 815, 820 (R.I. 2013)). The law does not "permit litigants to avoid their agreed-upon obligations solely because a party later decides that the agreement no longer serves as the ideal resolution of their dispute." *Id.* (citing *Ballard v. SVF Found.*, 181 A.3d 27, 40 (R.I. 2018)). A court "may summarily enforce the agreement, provided that there is no genuinely disputed question of material fact regarding the existence or terms of that agreement. When a genuinely disputed question of material fact does exist, the court should hold a hearing and resolve the contested factual issues." *Fidelity & Guar. Ins.*, 541 F.3d at 5.

Here, there are no disputed material facts. There is no question that the parties came to an agreement and there is no question about the material facts of the agreement. The Magistrate Judge, at the conclusion of the settlement conference with the attorneys and the parties present—including Ms. Maccarone—recorded the agreement, reiterated all material terms[1] of the agreement, and all parties agreed. The recording captured the agreement:

---

[1] "The material terms of a contract generally include subject matter, price, and payment terms. In the context of settlement agreements, court have found that the amount to be paid and the claimant's release of liability are the material terms. By contrast, provisions that are not indispensable and not necessary for the parties to understand how they are expected to perform the contract itself are not material terms of the contract." *Blackstone v. Brink*, 63 F. Supp. 3d 68, 77 (D.D.C. 2014) (internal quotations and citations omitted).

> Ms. Maccarone is on the line [Zoom]. . .
>
> The mediation has concluded in a settlement. . . [The court-annexed mediation] lead to an agreement of the parties to settle the case. The essential terms of the agreement are as follows: the Defendant will pay the Plaintiff $84,000; . . .once paperwork is executed the settlement proceeds would be expected in approximately 30 days . . . The parties have agreed that the Plaintiff will be afforded a neutral reference in the event of any inquiry; the Settlement Agreement will include a non-defamation clause, a no-rehire clause and a confidentiality clause. The parties agree that the FLSA [Federal Labor Standards Act] aspect of the case will require court approval of the settlement and the confidentiality clause permits Ms. Maccarone to advise anyone to whom she cares to speak to, that the case was resolved to her satisfaction . . . In consideration for all of that, the case will be dismissed with prejudice and apart from the consideration of $84,000 the parties will bear their own fees and costs . . . There should be a full release of all claims, . . . and the settlement amount will have employment taxes withheld . . . pursuant to federal law. [The attorneys for the parties all agreed with the Magistrate Judge's recitation].

ECF No. 45.[2] The Settlement Agreement and Release, and the Stipulation of Dismissal reflect the agreed-to terms. *See* ECF No. 39-1.

Ms. Maccarone raises three facts[3] that she alleges are material that the parties did not agree to: (1) ambiguity in the no-rehire/no-reapplication provision; (2) confidentiality clause; and (3) tax obligations. None of these facts are material to the Settlement Agreement. *See Blackstone*, 63 F. Supp. 3d at 77. And the parties did not appear to negotiate any of these facts during the session with the

---

[2] The Court placed a recording of the agreement on the docket (ECF No. 45) under seal and emailed a copy of it to the attorneys for the parties.

[3] Ms. Maccarone requests a court hearing so she can testify about alleged undue influence (ECF No. 41 at 5-6). The Court denies that request because Ms. Maccarone does not set forth any factual basis for her unsupported allegation.

3

Magistrate Judge before all parties agreed that they had reached a settlement. Therefore, the Court finds that Ms. Maccarone has not shown that there are any material facts NOT reflected in the written Settlement Agreement preventing its enforcement.

The Court GRANTS Siemens' Motion to Enforce the Settlement Agreement. ECF No. 38.[4] Ms. Maccarone shall sign the Settlement Agreement and Release and authorize her attorney to sign and file the Stipulation of Dismissal, on or before September 16, 2024, or the Court will entertain a Motion to Dismiss the case with prejudice from Siemens for failure to follow the Court's Order.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

September 4, 2024

---

[4] Under the Fair Labor Standards Act, the Court finds the settlement to be fair and reasonable.