UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ANN MARIE MACCARONE,<br>    Plaintiff,<br><br>v.<br><br>SIEMENS INDUSTRY, INC.,<br>    Defendant. | C.A. No. 20-cv-259-JJM-LDA |

## ORDER

The Magistrate Judge reported to the Court that this case had settled, so the Court canceled the jury selection and empanelment. *See* Docket Entry dated Apr. 11, 2024. Siemens prepared the Settlement Agreement and Release and the Stipulation of Dismissal. ECF No. 39-1. Ms. Maccarone refused to sign any of the documents and claims there was no binding settlement. Siemens moved to Enforce Settlement Agreement. ECF No. 38. Ms. Maccarone objected. ECF No. 41. This Court granted the motion to enforce the settlement. ECF No. 46.

There is no question that the parties came to an agreement and there is no question about the material facts of the agreement. The Magistrate Judge, at the end of the settlement conference with the attorneys and the parties present—including Ms. Maccarone—recorded the agreement, reiterated all material terms[1] of the agreement, and all parties agreed. The recording captured the agreement:

---

[1] "The material terms of a contract generally include subject matter, price, and payment terms. In the context of settlement agreements, court have found that the amount to be paid and the claimant's release of liability are the material terms. By contrast, provisions that are not indispensable and not necessary for the parties to

> Ms. Maccarone is on the line [Zoom]. . .
>
> The mediation has concluded in a settlement. . . [The court-annexed mediation] lead to an agreement of the parties to settle the case. The essential terms of the agreement are as follows: the Defendant will pay the Plaintiff $84,000; . . .once paperwork is executed the settlement proceeds would be expected in approximately 30 days . . . In consideration for all of that, the case will be dismissed with prejudice and apart from the consideration of $84,000 the parties will bear their own fees and costs . . . There should be a full release of all claims, . . . and the settlement amount will have employment taxes withheld . . . pursuant to federal law. [The attorneys for the parties all agreed with the Magistrate Judge's recitation].

ECF No. 45.[2] The Settlement Agreement and Release, and the Stipulation of Dismissal reflect the agreed-to terms. *See* ECF No. 39-1.

Ms. Maccarone asks this Court to reconsider its Order. ECF No. 47. In support of her motion–in reply–she submits an affidavit claiming that she experienced "undue influence." There is no independent evidence of Ms. Maccarone's impaired physical or mental capacity and there is no evidence at all that any undue influence was exerted.

Also, Ms. Maccarone's arguments could have been raised in response to Siemens' Motion to Enforce the Settlement Agreement. On this basis alone, denial of Ms. Maccarone's motion is appropriate. Ms. Maccarone asserts the Court promised her a hearing. Even still, absent a genuine question of fact, the Court need not grant

---

understand how they are expected to perform the contract itself are not material terms of the contract." *Blackstone v. Brink*, 63 F. Supp. 3d 68, 77 (D.D.C. 2014) (internal quotations and citations omitted).

[2] The Court placed a recording of the agreement on the docket (ECF No. 45) under seal and emailed a copy of it to the attorneys for the parties.

Ms. Maccarone a hearing to discuss her alleged feelings of undue influence. *Fidelity v. Star Equip.*, 541 F.3d 1, 5 (1st Cir. 2008) ("The trial court may summarily enforce the [settlement] agreement, [if] there is no genuinely disputed question of material fact regarding the existence or terms of that agreement. When a genuinely disputed question of material fact does exist, the court should hold a hearing and resolve the contested factual issues."). Ms. Maccarone could have, but did not, present the facts she alleges created undue influence on her to the Court in opposition to Siemens' Motion to Enforce the Settlement Agreement. But in the argument section in her memorandum of law in opposition, Ms. Maccarone did not present a single fact supporting her assertion that she was subject to undue influence. The first time the affidavit appeared was over a month after the Order was entered and after both the motion and opposition were filed.

This case smacks of buyer's remorse. Buyer's remorse is not a valis reason for denying enforcement of a knowing and voluntary settlement. *See Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 34 (1st Cir. 2022); *United States v. Rodriguez*, 311 F.3d 435, 437 (1st Cir. 2002) (a right is waived if intentionally relinquished or abandoned and forfeited if not timely asserted.)

Ms. Maccarone shall sign the Settlement Agreement and Release and authorize her attorney to sign and file the Stipulation of Dismissal, on or before October 25, 2024, or the Court will entertain a Motion to Dismiss the case with prejudice from Siemens for failure to follow the Court's Order.

3

The Court DENIES Ms. Maccarone's Motion to Reconsider its Order granting Siemens' Motion to Enforce the Settlement Agreement.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

October 15, 2024