# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

Ann Marie Maccarone,
    Plaintiff,

  v.

Siemens Industry, Inc.,
    Defendant.

)
)
)
)
)
)
)
)
)
)

C.A. No. 1:20-cv-00259-JJM-AEM

## REPORT AND RECOMMENDATION

AMY E. MOSES, United States Magistrate Judge.

Plaintiff Ann Marie Maccarone ("Plaintiff" or "Ms. Maccarone") is an electrician. ECF No. 1-1 at 8. Defendant Siemens Industry, Inc. ("Defendant" or "Siemens Industry") is a Delaware corporation that employed Ms. Maccarone on its Rhode Island Public Works contracts as a union electrician performing electrical trade work in Rhode Island. *Id.* Ms. Maccarone filed this lawsuit in 2020 alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and of Rhode Island wage and hour laws. *Id.* at 23-25. The matter is before the Court on Plaintiff's Motion for Relief from Judgment (ECF No. 71) and Plaintiff's Amended Motion for Relief from Judgment Entered February 6, 2025 Pursuant to Rule 60(b)(3), 60(b)(6), and 60(d)(3)[1] (ECF No. 75), which

---

[1] Ms. Maccarone filed Plaintiff's Motion for Relief from Judgment (ECF No. 71) on April 14, 2026. In response, Siemens Industry filed Defendant Siemens Industry, Inc.'s Objection to Plaintiff's Motion for Relief from Judgment (ECF No. 73) on April 28, 2026. Ms. Maccarone then missed the deadline to file a reply on May 5, 2026, and a little over a week later, on May 14, 2026, filed the amended motion which is now before the Court. ECF No. 75. Ms. Maccarone's argument in both motions is essentially the same, but Ms. Maccarone's amended motion includes over four hundred pages of exhibits that she argues support her motion. ECF Nos. 75-1 to -8. It is unclear to the Court and Siemens Industry whether Ms. Maccarone intended to file an amended motion or if she instead intended to file a late reply. *See* ECF No. 76 at 1. Siemens Industry filed a response to the amended motion on June 6, 2026, requesting that the Court treat its previously filed

were referred to me for determination.  I submit my findings as a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) and, for the reasons explained below, recommend that both motions be DENIED.

## I.   BACKGROUND

The present motion stems from a disregarded settlement agreement.  The parties in this case initially participated in settlement negotiations with the Court on March 6, 2024.  Despite the case being reported as settled, Ms. Maccarone refused to sign the settlement agreement, and Siemens Industry filed a Motion to Enforce Settlement Agreement (ECF No. 38) on July 16, 2024.  The Court granted the motion to enforce the settlement on September 4, 2024.  ECF No. 46.  Ms. Maccarone again refused to sign and filed a motion to vacate the September 4, 2024 order.  ECF No. 47.  The Court denied her motion on October 15, 2024.  ECF No. 53.  When Ms. Maccarone still refused to sign, Siemens Industry moved to dismiss the case.  ECF No. 54.  After a status conference on the matter, the Court granted the motion to dismiss on February 6, 2025.  ECF No. 59.  Ms. Maccarone appealed.  ECF No. 61.

On January 29, 2026, the First Circuit issued an opinion affirming the District Court's dismissal of the case, finding that Ms. Maccarone's argument that the Court had "erred in determining that she entered into a binding settlement agreement at the time of the settlement conference" was "meritless."  *Maccarone v. Siemens Indus., Inc.*, 165 F.4th 640, 644 (1st Cir. 2026).[2]  In her appeal, as an alternative justification to negate the settlement agreement, Ms. Maccarone argued that the District Court erred in denying her previous Rule 60(b) motion by

---

objection, ECF No. 73, as its objection to the amended motion, should one be necessary.  ECF No. 76 at 1-2.  As such, the Court considers both the original motion and the amended motion as well as Siemens Industry's initial objection when coming to its recommendation.

[2] A more robust recitation of the various motions and arguments that led to the appeal can be found in that opinion, *Maccarone v. Siemens Indus., Inc.*, 165 F.4th 640 (1st Cir. 2026).

"declining to hold an evidentiary hearing at which she could testify that she was incapacitated or unduly influenced at the time of the settlement." *Id.* at 644-45. The First Circuit deemed this to be a "barebones claim" and held that a "bare desire to testify about alleged feelings of undue influence does not create a genuine factual dispute requiring an evidentiary hearing." *Id.* at 645.

In her present motions before the Court, Ms. Maccarone again moves for reconsideration under Federal Rule of Civil Procedure 60(b) and (d), this time asserting that relief is justified due to the "extraordinary circumstances created by the misconduct of [her] former counsel." ECF No. 75 at 1. This time, presumably to avoid the notion of a "barebones claim," Ms. Maccarone provides over four hundred pages of exhibits she argues demonstrate that her counsel willfully and deliberately undermined the integrity of the judicial process by "intentionally alter[ing]" and "materially misrepresent[ing] wage valuation evidence" in the form of spreadsheets prepared for the settlement conference; failing to compel discovery; concealing Ms. Maccarone's objection to the settlement; misrepresenting Ms. Maccarone's intention to attend a hearing; and misadvising Ms. Maccarone that she could "'readdress all [her] claims' on appeal."[3] *Id.* at 2.

## II.    ANALYSIS

Federal Rule of Civil Procedure 60 provides several different avenues for relief from a final judgment or order. In her motion, Ms. Maccarone seeks relief under Rule 60(b)(3), 60(b)(6) and 60(d)(3). ECF No. 75 at 1.

---

[3] Ms. Maccarone provides several exhibits including what she represents to be altered settlement conference spreadsheets and countless pages of emails and messages between Ms. Maccarone and various other personnel at Siemens Industries apparently discussing issues with correctly recording her hours worked and jobs completed (ECF No. 75-2); emails and texts between Ms. Maccarone and her counsel discussing litigation options (ECF No. 75-5); and redacted wage statements (ECF No. 75-6). Ms. Maccarone alleges that there are discrepancies in the wages listed in the spreadsheet and contends that her counsel altered the spreadsheets maliciously. ECF No. 75 at 4. She points to differences and inconsistencies in weekly calculations such as an entry in the spreadsheet that reads $1,104.80 when it allegedly should have read $1,058.24. *Id.* at 6.

### A.    Federal Rule of Civil Procedure 60(b)(3)

Rule 60(b)(3) permits the court to relieve a party from a final judgment when there has been "fraud . . . , misrepresentation, or misconduct by an *opposing party*." (emphasis added).  Rule 60(c)(1), however, requires that a motion under Rule 60(b)(3) must be made no more than one year after judgment enters.  Here, Rule 60(c)(1) required Ms. Maccarone to have filed her motion by February 6, 2026; as Ms. Maccarone admits in her motion, ECF No. 75 at 2, she missed that deadline.  Moreover, the rule clearly states that this rule requires fraud by the "opposing party," which Ms. Maccarone does not allege here.

### B.    Federal Rule of Civil Procedure 60(b)(6)

In the alternative, Ms. Maccarone turns to Rule 60(b)(6), which provides recourse for "any other reason that justifies relief."  She argues that her counsel's alleged misconduct coupled with her counsel's alleged inaccurate legal advice regarding her appeal amount to extraordinary circumstances sufficient to warrant relief under Rule 60(b)(6).  ECF No. 75 at 2.

Rule 60(c)(1) does not place the same one-year time bar on motions filed under Rule 60(b)(6).  As Ms. Maccarone recognizes, however, a Rule 60(b)(6) motion may not be used as a substitute for a timely 60(b)(3) motion; they are mutually exclusive.  ECF No. 75 at 12; *see Davila-Alvarez v. Escuela de Medicina Universidad Cent. Del Caribe*, 257 F.3d 58, 67 (1st Cir. 2001).  Even assuming here that 60(b)(6) provides an alternative means for relief because Ms. Maccarone alleges misconduct of her counsel and not the opposing party, as with any Rule 60(b) motion, the Court specifically examines (i) whether the motion is timely; (ii) exceptional circumstances justifying extraordinary relief; (iii) the merit of the underlying claim; and (iv) whether granting relief would unfairly prejudice the opposing party.  *See Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017).  When conducting the analysis, "there is no ironclad rule requiring an in-depth,

multi-factored analysis in every case. Sometimes one factor predominates to such an extent that it inexorably dictates the result." *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 43 (1st Cir. 2015) (quoting *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 83-84 (1st Cir. 2010).

Here, Ms. Maccarone's argument fails for multiple reasons. Ms. Maccarone did not make her motion for over a year. Most importantly, however, the present action in which Ms. Maccarone seeks relief is against Siemens Industry. The misconduct Ms. Maccarone alleges, however, revolves around the actions of her counsel. A movant under Rule 60 must demonstrate that vacating the judgment would not amount to an "empty exercise." *Bouret-Echevarria.*, 784 F.3d at 46. Moreover, Ms. Maccarone must show that reopening judgment would not subject the opposing party to unfair prejudice. *Id.* at 43. Ms. Maccarone cannot prove either. When the alleged misconduct is by Ms. Maccarone's own counsel and not by Siemens Industry, reopening the long-closed action would merely force Siemens Industry to relitigate a matter they reasonably believed had been conclusively resolved, thereby causing substantial prejudice while serving no meaningful purpose in the adjudication of Ms. Maccarone's dispute with her former counsel.

## C.    Federal Rule of Civil Procedure 60(d)(3)

Finally, Ms. Maccarone looks to Rule 60(d)(3), which allows a court to "set aside a judgment for fraud on the court." She argues that the "alleged falsification of damages evidence, misstatements to the Court, and inducement of procedural forfeiture . . . amount to fraud on the court because they corrupted the judicial process that produced the judgment." ECF No. 75 at 14. To warrant relief under 60(d)(3), a litigant must prove that a party, or presumably their counsel, "set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering

5

the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989). Such relief is reserved for "the most egregious misconduct *directed to the court itself*, and it must be supported by clear, unequivocal and convincing evidence." *United States v. Yeje-Cabrera*, 430 F.3d 1, 29 n.22 (1st Cir. 2005) (cleaned up) (emphasis added). Allegations of misconduct by a party's own counsel, even if accepted as true, do not constitute fraud on the court absent a showing that the attorney engaged in a deliberate scheme to corrupt the judicial process itself. The conduct Ms. Maccarone alleges does not rise to that level and therefore does not provide a basis for vacating a final judgment under Rule 60(d)(3).

## III.     CONCLUSION

While the Court does not minimize Ms. Maccarone's concerns regarding her former counsel's conduct, those concerns are not properly resolved through a motion for relief from judgment in this case. The attorney is not a party and the alleged misconduct does not supply a basis for setting aside the judgment against the opposing party. On the record presented in Ms. Maccarone's initial and amended motion for relief from judgment, and for the reasons explained above, Plaintiff has not shown a basis for that relief. As such, the Court recommends that Plaintiff's Motion for Relief from Judgment (ECF No. 71) and Plaintiff's Amended Motion for Relief from Judgment Entered February 6, 2025 Pursuant to Rule 60(b)(3), 60(b)(6), and 60(d)(3) (ECF No. 75) be DENIED.


 /s/  Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

June 12, 2026